Anton Schwarz et al., Appellants, *v.* Wilhelm Oppold et al., Respondents.

74   307
122   329

74   307
141   345

74   307
144   359

In an action upon a promissory note, the defendant under an answer containing merely a general denial, has the right to prove that the note produced by plaintiff has been altered since its execution, by the addition of the words "with interest;" as the alteration destroys the effect of the note as evidence, and precludes any recovery thereon, in the absence of sufficient explanation of the alteration.

The objection that an answer has not been properly verified is not a proper one to be raised on trial.

Above the signature of a married woman, as indorser of a promissory note, appeared a special indorsement charging her separate estate.   Upon the trial of an action upon the indorsement she was asked as a witness in her own behalf whether this writing was there when she signed.   This was objected to generally.   The objection was overruled; *held,* no error; that if it was intended to raise any question as to its admissibility under her answer the objection should have been specifically taken.

(Argued May 30, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment of the General Term of the Marine Court in favor of defendants, entered upon an order reversing an order of Special Term, which set aside a verdict and ordered a new trial; and directing judgment on the verdict.

This action was upon a promissory note alleged in the complaint to have been made by defendant Wilhelm Oppold, payable to the order of defendant Joseph Letz, on demand, "with interest," and to have been indorsed by defendant Louisa Oppold, as follows :

"For value received, I hereby promise to pay the within note and charge my separate and individual property and estate with the payment thereof, and waive notice of present-ment and non-payment and protest."

"LOUISA OPPOLD."

The defendants answered separately, Wilhelm Oppold by a general denial, and Louisa Oppold by admitting the making and indorsement of her name upon the note, setting up her coverture, and that she indorsed the note under coercion from the other defendants impleaded with her ; that such indorse-ment was not made for the benefit of her separate estate, but in payment of a debt of her husband, and substantially deny-ing the contents of the memorandum preceding her indorse-ment, or that the plaintiffs are holders for value before maturity.

The facts, so far as pertinent, appear in the opinion.

*Samuel Hand*, for appellants.   The testimony in respect to the alleged alteration of the note was improperly received. (*McKyring* v. *Bull*, 16 N. Y., 297; *Kniffen* v. *McConnel*, 30 id., 285; *Paige* v. *Wilet*, 38 id., 28; *Weaver* v. *Barden*, 49 id., 286; *Boomer* v. *Koon*, 6 Hun, 675; 6 T. & C., 645; *Manning* v. *Winter*, 7 Hun, 482.)

*Peter Cook*, for respondents.   It was proper to prove the alterations in the note, although not set forth in the com-

plaint and reply.   (*Wriges* v. *Beauerle,* 5 Wkly. Dig., 363; *Booth* v. *Powers,* 56 N. Y., 373; *Meyer* v. *Mencke,* 55 id., 412; *Merritt* v. *Griggs,* 57 id., 651; *Ont. Bk.* v. *N. S. B. Co.,* 59 id., 510; *Schaus* v. *Man. G. L. Co.,* 14 Abb. Pr. [N. S.], 371; *O'Brien* v. *McCann,* 58 N. Y., 373; *Weaver* v. *Barden,* 49 id., 286 ; *McGrath* v. *Clark,* 56 id., 34 ; *Kennedy* v. *Crandell,* 3 Lans., 1.)

·RAPALLO, J.   The question whether the verdict was against the weight of· the evidence cannot be considered on this appeal.   The General Term, having reversed the order at Special Term granting a new trial, must have been of opinion that the verdict was not against the weight of the evidence. That question the General Term had power to decide, and its determination thereon is final.   The only points before us are those which arise on the exceptions taken at the trial.

The exception mainly relied upon was to the admission of the evidence of the defendant Wilhelm Oppold to the effect that the words "with interest" which appear at the end of the note given in evidence were not there when he signed it. The objection taken was that no such defense was pleaded.

The complaint set forth a note payable on demand with interest.   The answer of the maker, Wilhelm Oppold contained a general denial.   The note put in evidence purported to be payable with interest as alleged in the complaint.   It was clearly competent for the defendant under his general denial to controvert this proof by showing that the note had been altered since its execution by adding the words " with interest."   This alteration, which was established by the finding of the jury, clearly destroyed the effect of the note as evidence, and precluded any recovery thereon in the absence of sufficient explanation of the alteration.

The defendants also gave evidence to the effect that the special indorsement by which the defendant Louisa Oppold charged her separate estate, had been added af.er she had signed.   A general objection was taken to the question put to her whether the writing above her signature was there

when she signed. The question was material, and admissible as against a general objection. If it was intended to raise any question as to its admissibility under her answer, the objection should have been specifically taken, and in that case it could have been obviated by amendment. No such objection was interposed. The only question raised with respect to the answer of the defendant Louisa Oppold was that it had not been properly verified. That objection was not a proper one to be raised at the trial.

The questions of fact whether the note and indorsement had been altered after the defendants had affixed their respective signatures, were submitted to the jury on conflicting evidence, and they found for the defendants. The General Term of the Marine Court having approved the verdict we cannot interfere with it, and there being no valid exception in the case the judgment must be affirmed.

All concur, except Miller and Earl, JJ., absent.

Judgment affirmed.