THOMAS FARLEY *et al.* Appellants, *against* MARY A. LYDDY, Respondent.

(Decided January 5th, 1880.)

The general term of this court cannot review, on questions of fact, the orders of the general term of the Marine Court, granting or refusing new trials in actions tried before the court or before referees. Under the present *statutes regulating* appeals from the Marine Court to this court, the power of the court in this respect is the same as was the power of the Court of Appeals on appeal from the general term of the Supreme Court prior to the amendments to §§ 268 and 272 of the (old) Code of Procedure in 1860, and the decisions as to the power of the Court of Appeals at that time are applicable.

Where, therefore, in an action in the Marine Court, tried before a referee, the complaint was dismissed on the merits, and on appeal the general term of the Marine Court refused to grant a new trial,—*Held,* that on appeal to the general term here the court could not examine the evidence before the referee, except for the purpose of ascertaining whether he had any competent evidence before him on which he could have found for the defendant.

APPEAL by the plaintiffs from a judgment of the Marine

Court of the city of New York, affirming a judgment of that court entered on the report of a referee to hear and determine the issues.

The referee dismissed the complaint on the merits, after hearing evidence on both sides. No exceptions were filed to the referee's report. The general term of the Marine Court affirmed the judgment entered on his report.

*Clarence F. Birdseye*, for appellants.

*James M. Liddy*, for respondent.

JOSEPH F. DALY, J.—The question as to whether the report of the referee was against the weight of evidence cannot be raised in this court, the decision of the general term of the Marine Court on that point being final. (*Schwartz* v. *Oppold*, 74 N. Y. 307; *Wheeler* v. *Hudnut*, Com. Pl. Gen'l T. November, 1877.) The cases cited by the appellant in his eighth point relative to the duty of the general term to review the facts (*Godfrey* v. *Moser*, 63 N. Y. 250; *Nason* v. *Ludington*, G. T. Com. Pl., Feb. 17, 1879, Daily Register; *Smith* v. *Ætna Ins. Co.*, 49 N. Y. 216) refer to the exercise of the power of review by the appellate branch of the court in which the action is tried. On appeal from the general term of the Marine Court to this court the power of our general term is the same as that of the Court of Appeals over decisions of the general terms of the Supreme Court. We have no power to disturb the decision of the general term of the Marine Court on questions of fact. (*Wheeler* v. *Hudnut* and *Schwartz* v. *Oppold*, cited above).

VAN HOESEN, J.—Section eleven of the Code of Procedure gave to the Court of Appeals jurisdiction of appeals from orders granting new trials. This provision of the Code was adopted in 1851. Prior to that time an order of a general term granting a new trial was not appealable. In 1862 an order denying a new trial was made appealable to the Court of Appeals, though before that time it had been

held that such an order was appealable, being a final adjudication equivalent to a judgment. It was settled that until the Code expressly gave the jurisdiction to the court, it had not, by virtue of its inherent powers as an appellate tribunal, the right to pass upon appeals from orders granting or refusing new trials.

Until 1860 the Court of Appeals could not review the action of a general term in granting or refusing a new trial on questions of fact, but in that year, by an amendment to section 268 of the Code, it was provided that in actions tried by the court, the Court of Appeals might review the action of the general term granting or refusing a new trial on questions of fact, where it appeared by the judgment of reversal that the judgment had been reversed on questions of fact. Section 272 was at the same time so amended that the Court of Appeals might also review the action of the general term when a judgment entered upon the report of a referee was reversed by the general term on questions of fact, and that ground of reversal appeared in the judgment.

Where the appeal is from an order granting a new trial upon questions of fact in an action tried by a jury, the Court of Appeals cannot review the order. This is all familiar doctrine, and may be found in any book on practice. (4th Wait's Practice, pp. 257, 258.) I refer to it simply because our jurisdiction over appeals from the Marine Court is, under the acts of 1874 and 1875, limited to appeals from judgments and from orders "granting new trials." That language, when used in section 11 of the Code of Procedure, has been construed as not giving to the Court of Appeals jurisdiction to review the action of the general term granting a new trial on questions of fact. Must it not also be construed as not conferring upon this court the power of reviewing the action of the general term of the Marine Court in granting or refusing a new trial on questions of fact? Applied to the Court of Appeals, these words had a certain construction ; must they not receive the same construction when applied to the Common Pleas? If they are to be so

6

Farley v. Lyddy.

construed, then it follows that the Common Pleas cannot review any order of the Marine Court granting or refusing a new trial on questions of fact. Sections 268 and 272 of the old Code did not, and section 1338 of the Code of Civil Procedure does not apply to appeals from the Marine Court to the Common Pleas, so that we cannot review the orders of the general term of the Marine Court granting or refusing new trials in actions tried before the court, or before referees. We are exactly in the position of the Court of Appeals before the passage of the amendments to sections 268 and 272; and cannot do anything in disposing of appeals which that court could not then do.

This is what this court has already said in *McEteere* v. *Little* (*ante*, p. 167), and is in harmony with the decision of the Court of Appeals in *Schwartz* v. *Oppold* (74 N. Y. 307). Those decisions were made in actions tried before a jury, but they are nevertheless applicable, because there is no provision of the statute governing appeals to the Common Pleas which makes any distinction between actions tried before a jury and actions tried before a court or a referee.

I am of opinion that we cannot pass upon the action of the Marine Court, general term, in refusing a new trial, and that we cannot examine the evidence before the referee except for the purpose of ascertaining whether he had any competent evidence before him on which he could have found for the defendant. It is plain that there was conflicting evidence, and that the defendant's case was not entirely without evidence to support it; and the judgment appealed from should be affirmed with costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.