THE FARMERS' LOAN AND TRUST COMPANY, as Committee, etc., Appellant, *v.* HENRY SIEFKE, Respondent.

Every fact alleged in a complaint which plaintiff is required to prove in the first instance to make out his case and which is put in issue he is bound to prove by a preponderance of evidence, and although he gives evidence sufficient *prima facie* to establish it and to require evidence on the part of defendant to controvert it, the burden is not shifted, and where such evidence is given the jury may properly be instructed that plaintiff is bound to establish the fact by a preponderance of evidence.

In an action upon a sealed instrument in the form of a promissory note the answer, aside from a general denial, alleged that the seal was affixed after execution without the consent or privity of defendant. Upon the trial plaintiff introduced the instrument in evidence and rested. Defendant gave evidence tending to sustain the said allegations in the answer, which was met by evidence on behalf of plaintiff to the effect that the

seal was attached before execution. The court charged in substance that after testimony had been given showing that the seal was attached after the inception of the note, the burden rested upon plaintiff to establish by a preponderance of evidence that the seal was not so attached. *Held*, that as the pleadings stood the fact alleged in the complaint that defendant executed a sealed instrument was issuable, and having been put in issue, plaintiff was bound to establish it as a part of his case; that while the instrument itself, with proof that defendant signed it, made out a *prima facie* case, defendant was not concluded thereby, nor was the burden of proof shifted, and he having given evidence to the effect that the seal was not then attached, there was no error in the charge.

*Williamsburgh Sav. Bank* v. *Town of Solon* (136 N. Y. 465), distinguished.

Under the provisions of the Code of Civil Procedure (§§ 870, *et seq.*) providing for taking the depositions of the parties to an action or other persons before trial, the deposition of a party who is sick or infirm, so as to afford reasonable ground to believe that he will not be able to attend the trial, may be taken before trial; the exception of parties contained in the subdivision of the section requiring certain special circumstances to be stated in an affidavit for the purpose of taking a deposition (subd. 5, § 872), and among them the fact that the person to be examined is sick and infirm, was inserted to exempt the party from the restrictions of that subdivision, and a party complying with the other sections may perpetuate his own testimony by an examination before trial.

(Argued December 12, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made March 6, 1893, which affirmed a judgment in favor of defendant entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action upon a sealed instrument in the form of a promissory note.

The facts, so far as material, are stated in the opinion.

*David McClure* for appellant. The court erred in instructing the jury as to the burden of proof on the issue of a material alteration. (*Davis* v. *Jenney*, 1 Metc. 221; *Meikel* v. *S. S. Inst.*, 36 Ind. 355; *Harris* v. *Bank of Jacksonville*, 22 Fla. 501; *U. S.* v. *Lenn*, 1 How. Pr. 104; *U. S. Bank* v. *Town of Solon*, 136 N. Y. 465; *Morris* v. *Talcott*, 96 id. 100;

*Herrick* v. *Malin*, 22 Wend. 388.) The court erred in charging the jury that Frederick Siefke's deposition might have been taken at his house. (*Montague* v. *Wortsell*, 55 How. Pr. 406; *Williams* v. *Folsom*, 3 N. Y. Supp. 681; *Preston* v. *Hencker*, 9 Abb. [N. C.] 68; *Jenkins* v. *Putnam*, 106 N. Y. 372; Code Civ. Pro. § 872; *Hutchins* v. *Hutchins*, 98 N. Y. 56; *Smith* v. *Satterlee*, 130 id. 677.)

*Brainerd Tolles* for respondent. The learned trial judge did not err in charging the jury that the plaintiff was bound to establish by a preponderance of evidence the validity of the seal. (*Schwarz* v. *Oppold*, 74 N. Y. 307; *Milbank* v. *Jones*, 141 id. 345; *Heilman* v. *Lazarus*, 90 id. 672; *Van Santvoord* v. *Sarford*, 12 Johns. 197; *Cainwright* v. *Gray*, 127 N. Y. 92; *Delano* v. *Bartlett*, 6 Cush. 364; *Simpson* v. *Davis*, 119 Mass. 269; *Perley* v. *Perley*, 144 id. 104; *Dorr* v. *Munsell*, 13 Johns. 430; *Dale* v. *Roosevelt*, 9 Cow. 311; *Shubrick* v. *Salmond*, 3 Burr, 1639; *Fallowes* v. *Taylor*, 7 T. R. 477; *McCurtie* v. *Stevens*, 13 Wend. 527; *Mann* v. *Eckford*, 15 id. 518; *Withers* v. *Greene*, 9 How. [U. S.] 213; *H. Ins. Co.* v. *Watson*, 59 N. Y. 395; *Cock* v. *Coxwell*, 4 Dowl. 187; *Calvert* v. *Baker*, 4 M. & W. 417; *Crotty* v. *Hodges*, 4 M. & G. 563; *Hirschman* v. *Budd*, L. R. [8 Ex.] 171; *Schermerhorn* v. *Van Allen*, 18 Barb. 29; *Andrews* v. *Bond*, 16 id. 633; *Beaty* v. *Swarthout*, 32 id. 293; Van Santvoord's Pleadings [3d ed.], 565; *Crawford* v. *W. S. Bank*, 100 N. Y. 50; *Town of Solon* v. *W. S. Bank*, 114 id. 122; *Verplanck* v. *Van Buren*, 76 N. Y. 247.) No question arises upon this appeal as to the burden of proof upon the question of the consideration of an unsealed contract. (*Moore* v. *N. Y. El. R. Co.*, 130 N. Y. 523; *Haggart* v. *Morgan*, 5 id. 422; *Groat* v. *Gile*, 51 id. 431.) The learned trial judge did not err in reminding the jury that the plaintiff's testimony might have been taken at his house. (Code Civ. Pro. § 872; *Briggs* v. *Taylor*, 4 Civ. Pro. Rep. 328; *Town of Hancock* v. *F. N. Bank*, 93 N. Y. 82.) The learned trial judge did not err in his rulings on the admission and exclu-

sion of evidence. (*People* v. *Schulman*, 80 N. Y. 373 ; *Coleman* v. *People*, 58 id. 555 ; *Marx* v. *McGlynn*, 88 id. 357.)

Andrews, Ch. J.   The complaint alleged that the note sued upon was given for value, and was under the hand and seal of the defendant.   The answer contained a general denial of the allegations in the complaint, and in separate paragraphs, stated to constitute separate defenses, alleged that the note was without consideration, and that it was altered in material parts, and, among other things, by affixing a seal thereto without the consent or privity of the defendant.   On the trial the note was offered in evidence by the plaintiff, and he then rested.   The execution of the note by the defendant seems to have been admitted, as no proof was given upon the subject. It purported to be signed by him and a seal was attached to his signature.   The defendant thereupon entered upon the defense.   The question of consideration was litigated, and the defendant also gave proof tending to show that the seal was attached without his knowledge or consent by the plaintiff after the execution and delivery of the note.   The evidence on the part of the defendant, as to the alteration by the addition of the seal, was met by evidence in behalf of the plaintiff that the seal was attached before execution.   The case was submitted to the jury under a charge of the judge, and the jury rendered a general verdict for the defendant.   Judgment was entered on the verdict, from which the plaintiff appealed to the General Term, which affirmed the judgment, and this appeal is from the judgment of affirmance.

The allegations of error are founded mainly upon the charge to the jury.   The judge charged in substance that if the seal was attached to the note by the plaintiff after execution and delivery, without the knowledge or consent of the defendant, it constituted a material alteration and the note was void. There was no exception to this part of the charge, and it must be taken on this point to have correctly stated the law. We are not to be understood, however, as dissenting from this view, but it is unnecessary now to consider it.   The court fur-

ther proceeded to charge that the plaintiff was bound to estab-
lish by a preponderance of evidence that the seal was not
attached after the signature to the note. This was qualified
afterwards by the statement that this burden rested upon the
plaintiff after testimony had been given to show that the seal
was attached after the inception of the note: The plaintiff's
counsel excepted to the charge as made and explained. This
exception presents the principal question in the case. We
think the charge was correct. Upon the pleadings, a general
denial having been interposed by the answer to the whole com-
plaint, the plaintiff was bound to establish every material fact
therein alleged. The primary issue was the execution or non-
execution by the defendant of a sealed instrument. The plain-
tiff alleged the making by the defendant of a specialty creat-
ing a pecuniary obligation, and issue having been taken on
this allegation, the plaintiff was bound to establish the allega-
tion by proof. If it had turned out on the trial that the alle-
gation had been made by mistake and that the instrument was
not sealed, but was a simple contract only, or that the seal had
been attached after execution by a stranger without the privity
or knowledge of the plaintiff, it would have been in the power
of the court to have permitted an amendment of the pleadings
upon such terms as it should deem just. But as the pleadings
stood the question whether the defendant had executed a
sealed instrument was an issuable fact, which was asserted on
one side and denied on the other, and which the plaintiff was
bound to establish as a part of his case. The defendant, under
a general denial, may adduce evidence to controvert what the
plaintiff is bound to prove in the first instance (*Milbank* v.
*Jones*, 141 N. Y. 345, and cases cited), and the general rule is
well established that whatever a plaintiff is bound to prove in
the first instance as part of his case he is bound to establish
by a preponderance of evidence. The burden of proof
upon the issue of a material alteration of a written
instrument, sued upon in its existing condition, presents
no anomaly, but is governed by the general rule that
the party alleging that the instrument sued upon is the act and

deed of the defendant must establish it by proof. The case of *Schwarz* v. *Oppold* (74 N. Y. 307) is a precise authority for the proposition that under a general denial in an answer in a suit brought upon a written obligation, a material alteration may be proved. Under this authority we see no escape from the conclusion that evidence of alteration, which goes to the identity of the instrument, controverts a fact which a plaintiff is bound to prove in the first instance, that the instrument is the act of the defendant. There is confusion sometimes in treating of the burden of proof, arising out of unexact definitions. The burden is upon a plaintiff to establish his cause of action when it is in proper form denied by the other party. In actions upon a promissory note this burden is in the first instance discharged by giving evidence tending to show that · the note was signed by the defendant. Proof of signing also identifies and proves the seal when the action is upon a sealed instrument. This *prima facie* establishes the cause of action. But a defendant is not concluded. He may give evidence, under a general denial, to show that the signature is a forgery, or that the note had been materially altered by the plaintiff without his consent, or many other things which might be mentioned, showing that the plaintiff never had a cause of action. It is very common to say in such cases that the burden is upon the defendant to establish the fact relied upon. All that this can properly mean is that when the plaintiff has established a *prima facie* case, the defendant is bound to controvert it by evidence, otherwise he will be cast in judgment. When such evidence is given, and the case upon the whole evidence, that for and that against the fact asserted by the plaintiff, is submitted to court or jury, then the question of the burden of proof as to any fact, in its proper sense, arises, and rests upon the party upon whom it was at the outset, and is not shifted by the course of the trial, and the jury may be properly instructed that all material issues tendered by the plaintiff must be established by him by a preponderance of evidence. (See *Davis* v. *Jenney*, 1 Met. 221; *Simpson* v. *Davis*, 119 Mass. 269; *Perley* v. *Perley*, 144 id. 104.) The

general rule of pleading, which also accords with reason, is, that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded and proved by the defendant; and on the other hand the cause of action alleged by the plaintiff, and all its material incidents, must be asserted and proved by him, and in both cases the final event must be supported by a preponderance of evidence in favor of the party tendering the issue. This is illustrated in cases somewhat germane to the one before us. It is held by the weight of authority that the alteration of a bill or note need not be pleaded when the instrument is declared on in its altered state, but where the declaration is on the instrument in its original condition the alteration must be specifically pleaded. (*Hirschman* v. *Budd*, [L. R.] 8 Ex. 171; Byles on Bills [7th Am. ed.], 328.) In the latter case the plaintiff sues on the actual contract made, and the defendant is seeking to defeat a recovery because it had been subsequently tampered with, and this defense must be pleaded and sustained by a preponderance of proof.

The appellant, in support of his contention that the charge as to the burden of proof was erroneous, cites some cases in other states which, to some extent, sustain his view. But it seems to us they are opposed to sound principle, and at least cannot be followed in this state, in view of our decision in *Schwarz* v. *Oppold*. The remark quoted from the opinion in the case of *Williamsburgh Savings Bank* v. *The Town of Solon* (136 N. Y. 465) was in a case where the supposed addition of the seal made the instrument what it was intended to be, both by the legislature and the town. The case, however, was decided wholly irrespective of the question of alteration, on the ground of a former adjudication. Our conclusion is that the charge was not erroneous in putting upon the plaintiff the burden of proof as to the existence of a seal when the note had its inception.

One other question only needs special reference. The plaintiff was not present on the trial, and his counsel early in

the case introduced a witness to account for his absence, and the reason given was that he was partly paralyzed, and although mentally sound was not able to attend the trial. It seems that the fact that the plaintiff had not appeared as a witness was commented upon by counsel, and the court in the charge, referring to the subject, said : " It is true, of course, that his testimony might have been taken at his house." This statement was subsequently excepted to, and it is claimed by the plaintiff's counsel that it was prejudicial, because an examination of a party before trial on his own behalf could not be taken. This is a clear misapprehension of the Code provision (Sec. 872, sub. 5) as it now stands. The last clause in the subdivision was inserted to except a party to the action from the restriction in that subdivision. A party complying with the provisions of the other sections is permitted to perpetuate his own testimony in the case by an examination before trial.

We think the judgment is right and it should, therefore, be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.