WEINHANDLER v. LOEWENTHAL et al.

(Supreme Court, Appellate Term, First Department.　May 31, 1916.)

1. EVIDENCE ⊂⊃444(6)—PAROL EVIDENCE AFFECTING WRITING.

Testimony as to oral conversations, contemporaneous with the making and delivery of a note representing a loan, that the money would not be demanded back until a certain event happened, was admissible only if tending to prove that the delivery of the note itself was made upon condition that it should not be complete until the event; i. e., if it was introduced, not to vary or explain defendant's agreement, but to show that there was no agreement until the event happened.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2049; Dec. Dig. ⊂⊃444(6).]

2. BILLS AND NOTES ⊂⊃489(7)—PLEADING—VARIANCE.

In a suit on a note, where the complaint alleged that on the 9th day of April, 1889, defendants made their promissory note, and for a valuable consideration indorsed and delivered it to the plaintiff, evidence by plaintiff tending to prove that no contract was made between the parties at that time, and no effective delivery of the note had, defendants being under no obligation to pay it until a certain event happened, was a variance from the cause of action alleged.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1617–1642; Dec. Dig. ⊂⊃489(7); Pleading, Cent. Dig. § 1325.]

3. EVIDENCE ⊂⊃444(6)—NOTE PAYABLE ON CERTAIN EVENT—PAROL EVIDENCE.

After execution and delivery of a demand note, evidence that by parol the parties agreed that the note should not be paid until the death of a certain person was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2049; Dec. Dig. ⊂⊃444(6).]

Whitaker, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Solomon Weinhandler against Perry Loewenthal and another. From a judgment for plaintiff, defendants appeal. Judgment reversed, and complaint dismissed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Mandelbaum Brothers and Reeves & Todd, all of New York City (A. L. Mandelbaum, of New York City, of counsel), for appellants.

Cahn, Leventritt & Goetz, of New York City (Norman S. Goetz, and Leo L. Leventritt, both of New York City, of counsel), for respondent.

LEHMAN, J.　The complaint herein states that on the 9th day of April, 1889, the defendants duly made their promissory note in writing, dated on said date, wherein and whereby they promised to pay to the order of themselves the sum of $1,500 on demand, and for a valuable consideration duly indorsed said note and delivered the same to the plaintiff. The answer, in addition to certain denials, sets up that the cause of action stated in the complaint did not accrue within six years before the commencement of the action. At the trial the plaintiff put the demand note in evidence, and then was permitted to testify that in 1889 he had some conversation with the defendants in regard

to the support of their mother, who was also the plaintiff's mother-in-law. The plaintiff offered at that time to loan to the defendants the sum of $1,500, upon condition that they would retain the money in their possession and pay their mother $5 per week for her suppport. The defendants accepted this offer on condition that they were not to be called upon to repay the money until the death of their mother. A few days thereafter this agreement was consummated, the money was loaned to the defendants, and they made their note upon the condition that the money would not be "asked until the old lady will pass away." The defendants' mother lived for 26 years after the giving of the note. The defendants objected to the introduction of this testimony, both on the ground that it was not within the issues and on the ground that it tended to vary a written instrument.

[1-3] It is quite evident that the testimony as to oral conversations held contemporaneously with the making and delivery of the note is admissible only if it tends to prove that the delivery itself was made upon condition that it should not be complete until the death of the defendants' mother; in other words, if it is introduced, not to vary or explain the defendants' agreement, but to show that there was no agreement until the death of their mother. See Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892, and cases there cited. It would seem, however, that in view of the allegations of the complaint, viz., that *on the 9th day of April, 1889,* the defendants *made* their promissory note, and for a valuable consideration *indorsed and delivered* it to the plaintiff, then evidence which would tend to prove that no contract was made between the parties at that time, and no effective delivery of the note, is at variance with the cause of action alleged in the complaint. In any event, however, it seems to me that the testimony actually produced does not show that the delivery was conditional, and that the note was to become a valid obligation only upon the happening of a contingency. The old maxim that nothing is more certain than death, and nothing more uncertain than the day of a man's death, has peculiar application to the case at bar. The defendants, according to the testimony of the plaintiff, received the sum of $1,500 and engaged themselves to repay this money, not upon any contingency, but upon the happening of a certainty, viz., the death of their mother. It was delivered to the plaintiff at the time, to become his property absolutely at the time of the delivery as a binding contract of the defendants. The evidence shows only that by parol the parties agreed that the defendants should not be called upon to perform their obligation under their written contract or note until after the happening of an event of which only the date was uncertain. This constitutes a variation of the written obligation—the very obligation which the plaintiff now seeks to enforce, and which, according to his own pleading, was made and delivered more than 26 years before the bringing of the action. It follows, I think, that the statute of limitations applies, and the trial justice should have dismissed the complaint.

Judgment should be reversed, with costs, and complaint dismissed, with costs.

PENDLETON, J., concurs. WHITAKER, J., dissents.