BERNARD BLOOM and HENRY BLOOM, Composing the Firm of BERNARD BLOOM & BROTHER, Appellants, *v.* HYMAN HORWITZ and ONE HUNDRED NINETIETH STREET HOLDING COMPANY, Respondents.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Negotiable instruments — action on promissory note brought against the individual maker and corporation indorser — consideration — trial — pleading — evidence.

Where, in an action on a promissory note brought against the individual maker and a corporation as indorser, the question whether the note was without consideration was submitted to the jury solely in respect of the defendant corporation with instructions that a corporation has no right to bind itself as an accommodation indorser, the point cannot avail respondents on appeal from a judgment in their favor entered on a verdict where because of the admission of evidence, probably to the jury determinative, that the note was delivered on an unfulfilled condition, no such defense having been pleaded, the judgment must be reversed, there being no material issue clearly for the jury, by the court's charge.

Where, over plaintiff's objection that it was inadmissible under the pleadings, there was received in evidence a photographic copy of a letter which the maker of the note claimed had been

delivered to him by the payee at or about the time of the making of the note, but which plaintiff's counsel claimed had no reference to the note in suit, and which both parties to the action agreed had been surrendered to the payee at the time of the sale of certain premises and the giving of the note but was forthwith destroyed presumably by the payee, and the answer in the case does not even suggest that the note was other than an unconditional obligation, the objection to the reception of the letter in evidence was on its face well taken and should have been sustained as well to the letter as to all inquiries on the trial as to its contents.

Whether defendants' counsel in presenting the matter of the letter before the jury had it in mind solely as proof that the note was by contemporaneous agreement made payable upon a condition instead of absolutely, it was so presented to the jury, as though the trial judge after his main charge in regard to the issue of alteration of the note declined at plaintiff's request to charge that the burden of proof on that issue was on defendants and charged that there was no claim by them that there had been "any alteration in the note according to the testimony as it now develops." Held, that, though it was immaterial that the request of plaintiff's counsel as to the burden of proof incorrectly stated the law, the charge of the court actually withdrew from the consideration of the jury the issue of the alleged alteration of the note to which alone defendants' counsel on the appeal claimed that said letter and the inquiries concerning it were admissible, losing sight of the fact that such proposition was not an issue at the trial to the extent of warranting the admission of testimony otherwise entirely immaterial.

APPEAL by plaintiffs from a judgment of the City Court of city of New York, in favor of defendants, entered upon the verdict of a jury.

Joseph I. Green, for appellants.

Myron Sulzberger, for respondent Horwitz.

Isidor Enselman, for respondent One Hundred Ninetieth Street Holding Company.

Bijur, J.    The plaintiffs sued the individual defendant as the maker and the corporate defendant as the indorser of a promissory note for $1,375, alleging and proving that the note was dated February 23, 1915, and read: " Five months after date I promise to pay," etc.    Plaintiffs allege that the note was delivered to one Sol Brill who before maturity and for value indorsed and delivered it to plaintiffs.

The answer, beside containing what is substantially equivalent to a general denial, sets up as a first defense that on or about February 10, 1915, the note was delivered in the following form (alleged on information and belief); " Date, February 10th, 1915,......., after date I promise to pay, etc.,   *   *   *   ;" that it was delivered to Sol Brill; that before the indorsement and transfer thereof by Brill the note was materially altered with the knowledge and consent of said Brill by inserting the words " five months " before the words " after date " and July twenty-third as the due date.    The same defense contains the further allegations that neither the plaintiffs nor said Brill ever gave any consideration for the note, and that the plaintiffs are not the true owner but that the action was brought in the interest and on behalf of said Brill.

A second defense sets out that the note was given to Brill in connection with the sale of property between two corporations; that said Brill was an officer of the vendor and that he " wrongfully and illegally, contrary to the public policy and good morals of this State, and in violation of his duties as such officer exacted   *   *   *   said note to his own use and for his own private purpose secretly, and without the knowledge or consent of the other officers, directors or stockholders of the said company."

A third defense consists of a repetition of denials

and allegations in the other defenses, and adds: " That by reason of the premises said note was made, endorsed and delivered by this defendant without any consideration whatever therefor."

So far as the second defense is concerned, I am unable to understand how even assuming the note to have been given as a secret profit to an officer of the vendor corporation, the defendant or the vendee corporation of which he was a stockholder and officer can avail of that fact as a defense, and respondents have practically abandoned that defense in their present brief on appeal, although it seems to have been submitted to the jury.

Respondents still insist that the jury was justified in finding that there was no consideration for the note. It is unnecessary to pass upon that question because it was not in that sense submitted to the jury at all. The question whether the note was without consideration was submitted solely in respect of the corporation defendant and with instructions as to the law to the effect that a corporation had no right to bind itself as an accommodation indorser; but in any event the point is of no avail to respondents on this appeal because it it quite apparent that the judgment must be reversed because (1) the important and probably (to the jury) determinative evidence that the note was delivered on an unfulfilled condition was admitted during the course of the trial, although no such defense was pleaded, and (2) the charge of the learned court below left no material issue clearly for determination by the jury.

On the whole the issues actually involved in the trial would seem to have been very simple, yet the record of the testimony alone covers 178 printed pages. To understand this seeming anomaly it suffices partly at least to point out the fundamental error which

apparently obtained at the trial, namely, the notion that to trap Brill and some of his witnesses into a denial of the existence of a letter of which respondents' counsel had a photographic copy in his possession would be determinative of the issues regardless of the materiality or relevancy of the paper or of its admissibility under the pleadings as framed. Defendants' counsel by cross-examination undertook to bring out secondary evidence of the contents of this letter which Horwitz claimed had been delivered by Brill to him at or about the time of the making of the note. Brill and his witnesses at first denied absolutely that such a letter had been given; then slightly qualified the denial by urging lack of knowledge or recollection of such a paper, and finally when defendants' counsel produced a photographic copy of the letter immediately admitted its existence. Brill and plaintiffs' counsel claimed and claim that the letter had no reference to the note in suit, the note being dated February twenty-third and the letter February tenth; and that it was given in anticipation of a transaction which had been previously partially negotiated but lapsed. Both plaintiffs and defendants agree that the letter was surrendered by Horwitz to Brill at the time of the sale of the property and the giving of the note in suit, and that it was forthwith destroyed, presumably by Brill. Defendants still claim, however, that the letter referred to the note in suit.

In this state of the respective contentions and admissions, it becomes vital to examine the text of the letter and the testimony adduced by defendants in regard thereto. The letter itself read as follows:

" February 10 — 1915.

" Received from H. Horwitz, note for Thirteen Hundred and Seventy five ($1375.00) Dollars made

payable on demand, this note becomes due and payable as soon as the first performance is given in Theatre to be built, on plot Fifth Ave. & 43rd and 44th St, Brooklyn. SOL. BRILL.''

When the first inquiry was made in regard thereto, plaintiffs' counsel objected and continued his objection throughout the trial on the ground that '' It would not be admissible under the answer or the defenses raised in the pleadings.'' This was made the more clear by defendants' objection to plaintiffs' opening wherein defendants' counsel said that the letter was '' to the effect that the note was not to be due until the building was complete,'' plaintiffs' counsel interrupting to say: '' There is no such defense as that pleaded.'' When the photographic copy of the paper was finally produced by defendants' counsel, apparently from the possession of his client, almost at the very conclusion of the trial and nearly at the close of the third day thereof, plaintiffs' counsel again urged that it was not admissible under the pleadings.

It is quite apparent that that objection was on its face well taken and should have been sustained as well to the letter itself as to all previous inquiries in regard to its contents, because the answer in the case did not even suggest that the note was other than an unconditional obligation.

Defendants' counsel now seeks to justify these inquiries and the introduction of the letter as material evidence of defendants' contention that the note had been altered. This claim is based on the theory that a note without a due date, that is, with the due date left blank, is payable on demand; that although a note so delivered in blank implies under section 33 of the Negotiable Instruments Law that the person in possion thereof has a *prima facie* authority to fill in the

blanks, nevertheless they " must be filled up strictly in accordance with the authority given," and that the letter shows that this note was not so filled up by Brill, but was " materially altered " from a note " made payable on demand " to one payable " five months after date."

Assuming that defendants offered evidence sufficient to warrant the jury in finding that the letter was given by Brill to Horwitz in connection with the note in suit, and assuming also that the jury might be allowed to determine whether or not it referred to that note (notwithstanding that the language of the letter " made payable on demand " would seem on its face at least not to refer to a note in which the due date was left blank and which became the equivalent of a demand note only by construction of law) — nevertheless defendants' counsel fails to explain how the letter would confirm the claim of " material alteration " in view of the fact that it was concededly surrendered by the holder, Horwitz, simultaneously with the delivery of the note and became thereby inoperative to impose upon the holder of the note any inhibition against altering the same from the form or substance of a demand note.  Assuming further, however, that there might be some explanation whereby that difficulty might be overcome, the fact stands out boldly throughout the trial that the subject was not suggested or introduced or the paper finally put in evidence to prove alteration of the note.  It will be recalled that in defendants' opening he spoke of this paper as " a certain writing to the effect that the note was not to be due until the building was complete." In answer to his own questioning of defendant Horwitz, the latter recited for the first time his recollection of the contents of the note as follows:  " Received a note from Hyman Horwitz for $1,375.  This note is

not to become due until the building &ast; &ast; &ast; is fully completed.'' In further elucidation of the terms of the letter, his counsel asked defendant (to which due objection was taken): '' Q. Did you have any talk as to when the paper which you signed was to become due and payable? A. When the building was complete. Q. Is the building complete now? A. No, sir. Q. Was it complete on or about the date of the institution of this action? A. No, sir.''

It will be observed that in all this there is no statement, suggestion or even hint that the note was payable on demand or was so described, stress being laid solely on the fact that it was delivered to become due upon the condition. It is thus apparent beyond the possibility of contradiction that defendants' counsel in presenting this matter to the court and jury had it in mind solely as proof that the note was by contemporaneous agreement made payable upon a condition instead of absolutely, as it appeared upon its face. At all events, whether he actually had that in mind or not, it was so presented to the jury. Apparently also the learned judge who presided at the trial was of the same impression, because, although he charged the jury in regard to the issue of alteration in the course of the main charge, he, almost immediately after the close of that charge, in answer to plaintiffs' counsel's request that he should charge that the burden of proving material alteration was on the defendants, said: '' ' I decline to so charge.' Plaintiffs' counsel: ' I except.' The Court: ' One moment, I charge you that there is no claim by them that there has been any alteration in the note according to the testimony as it now develops.' ''

It is quite immaterial that the request of plaintiffs' counsel as to the burden of proof stated the law incorrectly (*Schwarz* v. *Oppold,* 74 N. Y. 307); the fact

Supreme Court, Appellate Term, December, 1916. [Vol. 97.

remains that by this charge the court actually withdrew from the consideration of the jury the issue of the alleged alteration of the note, to which alone defendants' counsel now claims that the testimony was material. Indeed, defendants-respondents' attitude on this appeal, as I am bound to infer it from, his brief, seems to be that the letter and the inquiries concerning the same were admissible, first, as proving material alteration without assent, which claim, as 1 have shown, is groundless, and next, " for the purpose of proving that Brill was a brazen and unmitigated liar," losing sight of the fact that this proposition was not an issue at the trial; and certainly not to the extent of warranting the admission of evidence otherwise entirely immaterial.

SHEARN, J., concurs; GUY, J., not sitting.

Judgment reversed and new trial granted, with costs to appellant to abide event.