BERNARD BLOOM and HENRY BLOOM, Composing the Firm of BERNARD BLOOM & BROTHER, Respondents, v. HYMAN HORWITZ and ONE HUNDRED NINETIETH STREET HOLDING COMPANY, Appellants.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Negotiable instruments — promissory notes — evidence — material allegations — bills, notes and checks — when Statute of Limitations begins to run.
Evidence — admissibility of — trial — negotiable instruments.

> While under section 33 of the Negotiable Instruments Law the holder of a promissory note entirely complete except as to the time of payment has *prima facie* authority to make it payable at a fixed time, evidence is always admissible to show that he did not have actual authority to fill in the blank.

> Where such a note was made payable to the maker, indorsed by him and delivered to a third person without any actual authority to fill in the blank upon the understanding that it was a completed note payable on demand, probably enforcible as such under section 26 of the Negotiable Instruments Law, he has no right to fill in the blank and make it payable at a definite time.

> Such an alteration is a material one as against an indorser before delivery who under section 131 of the Negotiable Instruments Law would be discharged from his liability on a demand note unless presented within a reasonable time after its date.

Even as against the maker of the note such an alteration is material, for the maker of a note payable at a definite time cannot pay the note previous to that time and thereby stop the running of interest and the Statute of Limitations only begins running from the date on which the note becomes due and at least in these particulars such an alteration would materially change the effect of the note.

Upon the trial of an action against the maker and indorser of a note which was complete except as to the time of payment plaintiffs who apparently were not *bona fide* holders for value rested their case after producing the note and notice of protest. The maker of the note, in addition to the proof that it was not in the condition in which it was when it was delivered, testified that prior to its delivery to a third person he arranged with him that he should give him a note payable on demand but that it should not become due until the completion of a building which the payee was preparing to erect. The trial justice struck out this and all other similar testimony on the ground that on a previous appeal (97 Misc. Rep. 622) it had been decided that evidence to establish that the note was delivered conditionally was inadmissible unless the condition was pleaded. *Held,* that though evidence to establish that a note on its face payable on demand was payable only after the happening of an event not named in the instrument was inadmissible because tending to vary it, the testimony stricken out was admissible to show that said third person had no authority to fill in the blank as he did and that defendant maker has a right to show the facts without pleading them.

BIJUR, J., dissents.

APPEAL by defendants from a judgment of the City Court of the city of New York, entered upon a verdict directed by the court.

Myron Sulzberger and Isidor Enselman (Max D. Steuer, of counsel), for appellants.

Joseph I. Green, for respondents.

LEHMAN, J. The plaintiffs sued on a note made by the defendant Horwitz, indorsed by both defendants

and delivered to one Sol Brill. The answer contains a general denial and three affirmative defenses. It is conceded that any defense to the note which the defendants could prove against Brill may be proven against the plaintiffs who are apparently not holders for value. The second affirmative defense contained in the answer is clearly insufficient on its face and was stricken out on plaintiff's motion in accordance with the opinion of this court written upon a previous appeal. 97 Misc. Rep. 622. Upon this trial the plaintiffs rested after producing the note and notice of protest and the defendants then attempted to show that the note was without consideration and that a blank left for the time of payment was filled in by Brill without authority. The trial justice at the close of the defendants' case directed a verdict in favor of the plaintiffs and the defendants appeal.

The note in its present form reads as follows:

" NEW YORK, *February* 23, 1915.

" Five months after date I promise to pay to the order of myself One Thousand Three Hundred and seventy-five 00/100 dollars. Payable at 43 W. 16th Street, New York City.

" Value received with interest.

" No. xxx Due July 23,                H. HORWITZ."

The defendant Horwitz testified, and for the purpose of this appeal we must accept his testimony as true, that when he delivered the note to Brill on February 23, 1915, there were no words or figures in the blank before the words " after date " or after the word " due:" The note when delivered was, however, entirely complete except that no time for payment was expressed. The holder of the note had *prima facie* authority under section 33 of the Negotiable Instru-
44

ment Law to fill in these blanks and thereby to make the note payable at a fixed time and even if he filled them in without authority the note would be enforcible in the hands of a *bona fide* holder for value. Evidence may, however, always be given to show that the holder did not have actual authority to fill in the blanks. Ordinarily of course where a holder wrongfully fills in blanks to complete an instrument he does not technically " alter " an instrument but he puts the instrument so completed into existence either without any authority or not in accordance with the authority given. In the present case, however, the note was probably enforcible as a demand note even if no blank had been filled in. Neg. Inst. Law, § 26. If then the note was given to Brill without any actual authority to fill in the blanks and upon the understanding that it was a completed note payable on demand, then Brill had no right to fill in the blanks and make it a note payable at a definite time. Such act does actually *alter* a demand note into a note payable at a fixed time. If an instrument has been altered in this way such alteration would constitute a defense to the instrument if it is material. It is claimed, however, that the alteration of a demand note into a note payable five months after date is not a material alteration in the sense that it increases the obligation of the maker, for the holder of a demand note may at any time demand payment and by inserting a definite time for payment merely limits the date on which he can make such demand. This contention, however, seems to me without merit. If the note was payable on demand and thereafter altered into a note payable in five months, such alteration would certainly be a material alteration as against the indorser who would be discharged from his liability on a demand note unless presentment is made within a reasonable time after its issue. Neg.

Inst. Law, § 131. Even as against the maker, however, such alteration would be material for the maker of a note payable at a definite time cannot pay the note previous to that time and thereby stop the running of interest, and the Statute of Limitations only begins running from the date on which the note becomes due and at least in these particulars such an alteration would materially change the effect of the note.

In the present case the defendant Horwitz, in addition to the proof that the note was not in the condition in which it was delivered, testified that prior to the delivery he arranged with Brill that he should give him a note payable on demand but that the note should not become due until a building which Horwitz was preparing to erect was completed. The trial justice struck out this testimony and all testimony of a similar kind on the ground that this court had decided upon the previous appeal that evidence to establish that the note was delivered conditionally was not admissible unless such condition was pleaded. Evidence to establish that a note on its face payable on demand was payable only after the happening of an event not named in the instrument is, of course, inadmissible, for such evidence would tend to vary the written instrument. See *Reinhandler* v. *Lowenthal*, 159 N. Y. Supp. 695; *Sheldon* v. *Heaton*, 88 Hun, 535. It was, however, admissible in my opinion to show that Brill had no authority to fill in the blanks in the manner he has done.

It is true that the evidence offered by the defendant upon this point is perhaps open to the construction that while Horwitz called the note a demand note it was really the intention of the parties that the note should remain an incomplete note until the theatre was completed and that the holder should then have authority to complete the instrument by filling in the

blank.  Such a construction of the conversation might
be reasonable in view of the fact that the note bore
an indorsement and that presumably the parties
intended that the indorser should be held even though
demand was not made till months thereafter.   Even
such a construction, would not, however, in my opinion,
aid the plaintiff.  If this testimony failed to show that
the note was altered it would rebut the *prima facie*
authority of the holder to complete the note in the
manner he has done and would show that the holder
filled in the blanks without authority.  It is urged,
however, that the defendant has pleaded only altera-
tion and not that the holder filled in the blanks without
authority.  It seems to me quite evident that the
defendant has a right to show such facts without
pleading them.  The *prima facie* authority to fill in
blanks in an incomplete instrument may be rebutted
by affirmative proof which the defendant has the bur-
den of presenting.  Logically it would seem that such
proof was admissible under a general denial.  The
respondent claims, however, that under authority of
*Madden* v. *Gaston*, 137 App. Div. 294, the defendant
must plead affirmatively that the note has not been
completed in accordance with the holder's actual
authority.  In that case the court merely said that the
" statute imposes *the burden upon the defendant to
show* the agreement, and that its terms have been vio-
lated," and it is no authority for the view that the
defendant has any greater burden than producing evi-
dence to rebut the *prima facie* case made by the plain-
tiff and it does not even discuss whether the defendant
must affirmatively plead the actual agreement.  In
the case of *Schwarz* v. *Oppold*, 74 N. Y. 307, the Court
of Appeals held that the defendant may even show an
alteration under a general denial and *a fortiori* it
seems to me he may show that the instrument sued on

was issued incomplete and never completed in accordance with the authority given.

I agree with Mr. Justice Bijur that there is doubt whether evidence that the payee had " authority to fill in the blanks in manner or tenor inconsistent with the remaining text of the note " would be admissible but I cannot find that any evidence was offered for such purpose. The defendant offered evidence to show that the note was delivered with blanks for the time of payment. If as a matter of law the note was then payable on demand any change in the note without authority would constitute an alteration. On the other hand if the note was incomplete and the plaintiffs' assignor thereof filled in the note contrary to the intent of the parties he acted without authority and the plaintiff cannot enforce the note so filled out. The evidence excluded was apparently offered for no other purpose and was, therefore, in my opinion, clearly admissible. The plaintiffs' attorney objected to this evidence on the ground that it was not within the issues and the trial justice excluded this evidence on that ground only, relying upon a statement in the opinion of this court upon the previous appeal that proof " that *the note was by contemporaneous agreement made payable upon condition* " was not within the issues and raised no question that could have been submitted to the jury. The opinion does not, however, state that proof of alteration would not be within the issues. It did state that the issue of alteration in the note was not litigated on the previous trial and pointed out that in the absence of any explanation connecting the letter stating when a note therein described should become payable with the note in suit there was no proof of any alteration. Undoubtedly that opinion is open only to one construction, viz., that if that evidence was supplied the letter would be admissible to

Appellate Term, First Department, July, 1917.    [Vol. 100.

prove alteration or that the blanks in the note were not filled up in accordance with the authority given. On this trial the defendants' attorney even in his opening of the case stated that he would prove that the note was not to become payable until after the opening of the theatre only in order to show alteration, but the trial justice excluded all such evidence and struck out from the record every statement in any way referring to the note. If the trial justice had excluded merely the letter it might perhaps be argued that, in the absence of some statement by counsel that he expected to supply the defects in the proof pointed out by this court upon the previous appeal, the court below naturally assumed that no such evidence would be forthcoming. In view, however, of the fact that the trial justice not only excluded the letter, but struck out every allusion to the letter, including testimony which clearly supplied this defect, and all conversations which tended to establish that the note in its present form imposes a different liability on the defendant from the liability imposed either by the incomplete note or by the agreement of the parties, and in view of the fact that even during the opening of defendants' counsel the trial justice sustained an objection to counsel's stating that he would show that the note was not to become payable until after the theatre building was completed even though offered only to prove alteration, it becomes evident that the trial justice erroneously prevented the defendant from showing facts which, if true, would defeat the plaintiffs' cause of action and which were admissible under the pleadings.

I cannot agree with Mr. Justice Bijur that this point is either obscure or insufficiently presented below. On the contrary, the point was clearly and repeatedly raised at the trial and in repeated colloquy the trial

justice showed that he appreciated the point which the appellants rely on but did not agree with counsel's contention. If the appellants' point is sound, then we have no alternative except to reverse the judgment. In this regard it is only fair to point out that the respondents do not in their brief claim either that the point is obscure or insufficiently raised below.

Judgment should therefore be reversed and a new trial ordered, with costs to appellant to abide the event.

ORDWAY, J., concurs.

BIJUR, J. (dissenting). On the former appeal in this case (97 Misc. Rep. 622) we pointed out that the alleged agreement in writing (a letter), whereby it was claimed by defendants that plaintiffs' assignor had agreed that the note in suit should not be payable until the fulfillment of a certain condition, was inadmissible in evidence for any purpose, *first*, because of its date and terms, which appeared on its face not to relate to the note in suit, and, *next*, because it was concededly surrendered and destroyed at or about the time that the note was delivered by defendants to plaintiffs' assignor. It is now sought to reverse this judgment on the ground that either the agreement in writing or an equivalent parol promise made by plaintiffs' assignor should have been admitted in evidence by the learned judge below in support of the defense that the note was '' materially altered.''

I am far from convinced that·the defense of material alteration can be relied on to render material evidence that blanks left in a note were filled in contrary to the authority conferred on the payee; or that proof of authority to fill in blanks in manner or tenor *inconsistent with the remaining text of the note* is ever admissible. See *Farmers National Bank* v. *Thomas,* 79 Hun, 595, 601, 602. As I view the record on this trial, however, those questions of law need not

be here determined because nowhere in the record was the issue on which a reversal is now sought clearly tendered. Defendants' counsel without adequate, or indeed as I view it without any, explanation of the theory on which he purposed avoiding the effect or reasoning of our opinion reversing the previous judgment, from the opening to the close of the case continuously sought to introduce in evidence this agreement in writing or oral reference thereto. There is a single cryptic reference somewhere in the record from which it may be inferred that defendant may have intended to testify that the written agreement actually referred to the note in suit. This was after the written agreement had been, as I view it, properly and repeatedly excluded. There is, near the close of the entire case, also an answer by the defendant (which was stricken out) to a question asking what plaintiffs' assignor's counsel said to the defendant at the time the agreement was surrendered for destruction: " He [plaintiffs' assignor's counsel] said ' the note will be due at the time we have promised and we will stick to it.' " By this ingenious version of the occurrence at the time of the surrender it is manifestly intended to rescue the alleged collateral agreement from the oblivion to which it was consigned by its physical destruction.

Leaving aside the questions of law which I have suggested, it may be true that upon collating and marshalling the various isolated questions, arguments and colloquy presented or participated in respectively by defendants' counsel, the materiality of this single question may be sustained as tending to support the claim that the note was altered when the blank left in it by defendants was filled in by plaintiffs' assignor so as to render it due on a date certain (quite in harmony with the text of the note). To reverse a

judgment on a point so obscure and so insufficiently presented below seems to me to be unwarranted. In my opinion, therefore, the judgment should be affirmed.

Judgment reversed.