Michael Doyle et al., Appellants, *v.* John F. Unglish et al., Respondents.

The acceptance of a draft by the drawee is no evidence of a loan by him to the drawer. The drawee is presumably a debtor for the amount of the draft and payment of it a discharge of the debt.

In an action to recover an alleged loan the complaint set up part payment by delivery of certain goods and asked judgment for the balance. The answer, after a general denial, alleged a sale and delivery of goods by defendants to plaintiffs, at an agreed price, payments thereon to an amount specified, leaving a balance due, for which judgment was asked. Plaintiff, on the trial, simply produced drafts drawn by defendants upon them and his acceptance and payment thereof. No motion for a non-suit was made and the trial proceeded, the substantial controversy being as to the agreed price for the goods sold, in regard to which the evidence was conflicting, and the only claim of plaintiffs, if any, was for an over-payment. The court was requested by plaintiffs, but refused, to charge that so far as the counterclaim was concerned the burden of proof rested upon defendants. *Held*, no error; that while the charge would have been proper had plaintiffs proved the alleged loan, as they failed in this and were obliged to prove an over-payment on the contract of sale, and to show this were required to prove its terms, upon this issue they, not the defendants, had the affirmative.

(Argued October 15, 1894; decided November 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1893, which affirmed a judgment in favor of defendants entered upon a verdict.

This action was brought to recover money loaned to and paid out for defendants by plaintiffs, and also for a machine sold to them.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellants. The court erred in refusing to charge as requested, that the burden of proof as to the terms of the contract set up by the defendants was upon them, and in charging that the burden of proof as to that contract was upon the plaintiffs. (*Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505; *Murray* v. *N. Y. L. Ins. Co.*, 85 id. 236;

*Conselyea* v. *Swift*, 103 id. 604; *Smith* v. *Sargent*, 67 Barb. 243; *Conner* v. *Keese*, 105 N. Y. 643; *Millard* v. *Thorn*, 56 id. 402; *Johnson* v. *Plowman*, 49 Barb. 472; *Conklin* v. *Conklin*, 20 Hun, 278.)

*John H. Chadsey* for respondents. The court committed no error in refusing to charge as requested by plaintiffs' counsel. (Taylor on Ev. § 338; 1 Greenl. on Ev. 94; *Hene-mann* v. *Heard*, 62 N. Y. 448; *Roberts* v. *Chittenden*, 88 id. 33.)

FINCH, J. The dispute on this appeal is over the burden of proof, and arises upon a refusal of the court to charge that it rested upon the defendant as far as his pleaded counter-claim was concerned. The argument for the appellant would be formidable and possibly conclusive if the question turned solely upon the form of the pleadings, but when it was raised the facts were all before the court and developed a situation quite different from that sketched in the complaint. The plaintiffs alleged a loan and advance of money to the amount. of thirty-one hundred and thirty-five dollars, upon which payments had been made by the delivery of certain goods, wares. and merchandise at the agreed price of two thousand and eighty-three dollars and fifty-six cents, and demanded judgment for the balance. The defendants answered by a general denial, and then alleged the sale and delivery of dried apples. at an agreed price to the amount of thirty-three hundred and seventy dollars and forty-two cents, upon which had been paid by draft or money thirty-one hundred and forty-three dollars, by four coreing machines, eight dollars, and by freight bills, one hundred and seventeen dollars, leaving a balance due the. defendants of one hundred and two dollars and twenty-nine cents. The whole substantial controversy was over the agreed price of the dried apples. If that was as the plaintiffs claimed a balance was due them: if as the defendants asserted a balance was due them: and the question arose upon whom rested the burden of proof as to the terms of the contract. If the

plaintiffs could make their case without proving that contract, and it was unessential to their recovery, then the burden was not on them ; and that is what they assert to be the fact. I think they are mistaken. There was no loan or advance of money, but, if anything, an over-payment which could be recovered back. The defendants denied any such loan or advance, and admitted only payments upon the goods sold. The plaintiffs on their part simply produced the drafts they had paid and rested. They had made no case. Proof of the drafts drawn upon them by defendants established no claim against the latter. The acceptors of the drafts were presumably the debtors for their amount, and payment of them was the discharge of a debt and not proof of a demand against the defendants. But no motion for a non-suit was made, and the case tells us only that "thereafter conflicting evidence was given on behalf of the respective parties as to the terms and conditions of the alleged contract." In what order that was done we do not know, but it is quite clear that producing and proving the drafts could not alone make a cause of action, and that the plaintiffs were bound to show as indispensable to their recovery the terms and conditions of · the contract as they claimed the truth to be. For they had no cause of action on the drafts. They were obliged to prove that in paying them they had overpaid on the contract, and were entitled to recover back the excess. That excess, as an · over-payment beyond what the contract required them to pay, was the sole basis and measure of their cause of action. They would have failed unless they proved that excess, and they could not prove that without proving the contract out of which and because of which the over-payment occurred.

I think, therefore, that proof of the terms of the contract, such as would create the over-payment claimed, was essential to the plaintiffs' case, and so the court was justified in refusing to charge that the defendants had the affirmative.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.