(20 Misc. Rep. 415.)

### CONNOLLY v. CLARK.

(City Court of New York, General Term. May 29, 1897.)

BURDEN OF PROOF.

 Plaintiff claimed that he was to receive a certain price per foot for boring a well, and that the amount due him therefor was $270. Defendant admitted the amount per foot to be received by plaintiff, but claimed that in no event was he to pay more than $150, and offered judgment for this amount. *Held* error to charge that the burden was on defendant to prove his version of the agreement.

Appeal from trial term.

Action by Arthur J. Connolly against William H. Clark. From judgment for plaintiff, defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Charles Blandy, for appellant.
S. A. Noyes, for respondent.

O'DWYER, J. This is an appeal from a judgment entered upon a verdict of a jury in favor of the plaintiff and against the defendant, and from an order denying the defendant's motion for a new trial. The action was brought on a quantum meruit for work, labor, and services in boring a well on the defendant's premises at the alleged agreed price of $2 per foot for boring in earth and $2.50 per foot for boring in rock, the plaintiff alleging that he bored through 9 feet of earth and 101 feet of rock, making the charge the sum of $270; to which was added the sum of $14.50 for pipe and $25 for a pump.

The defense was an admission of employment, a denial of knowledge as to the depth of the well, a denial as to the alleged agreement as to the price, and an affirmative defense that the ratio of charge should be $2 a foot for earth and $2.50 a foot for rock, but in no event was the aggregate cost to exceed the sum of $150; and that was followed by an offer of judgment for the latter sum with interest and costs.

Was the burden of proof, under the pleadings and evidence, with the plaintiff or the defendant? is one of the questions brought up for review on this appeal. The trial justice, in his general charge, said the burden was upon the plaintiff to establish his cause of action by a preponderance of evidence, but, at the request of the plaintiff's counsel, against the objection of the defendant, charged: "That the burden of proof of proving that there was an agreement for the one hundred and fifty dollars is upon the defendant." Also: "In order that the jury may find for the plaintiff in the sum of one hundred and fifty dollars, as claimed by the defendant, they must be satisfied by a preponderance of evidence on the part of the defendant that there was such an agreement." This part of the charge was erroneous, in that it stated improperly the rule as to the burden of proof. From such charge the jury were bound to consider that in the case before them for decision the burden rested on the defendant of showing by a preponderance of evidence that, under the contract between the parties, defendant was not bound to pay more than the sum of $150 for the work. It placed upon the defendant the burden of proof, which, under the pleadings and the facts shown, rested on the plaintiff. It relieved the plaintiff of the burden he assumed under his complaint when he brought the action, and cast this burden on the defendant, to the latter's injury; and this was error. On the trial the only substantial controversy was as to the terms of the contract under which the work was done. No question was raised as to the actual number of feet bored. The plaintiff gave his version of the contract, and the defendant gave his version of it. The only difference between them was whether the contract was that the plaintiff should receive the agreed price of compensation for whatever number of feet he should dig, or whether plaintiff should not receive more than the sum of $150 in any event. The whole matter was a controversy over the terms of the contract. The plaintiff, in his complaint, expressly alleged that the contract was that he was to have such ratio of price for all the work done. The defendant, in his answer, expressly denies this, and thus was raised an issue as to the contract in this respect, upon which the plaintiff had the affirmative. The defendant, in his answer, also sets forth his version of the contract. The question presented to the jury was, whose version of the contract was the correct one? and on this question the plaintiff held the affirmative and had the burden of proof. He was bound to prove that the contract was as he alleged it, or he could only recover the $150 for which the defendant offered judgment. Bank v. Strauss, 137 N. Y. 148, 32 N. E. 1066; Doyle v. Unglish, 143 N. Y. 556, 38 N. E. 711; Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358; Whitlatch v. Casualty Co., 149 N. Y. 46, 43 N. E. 405.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.