FRANK M. BOYLES V. FRANK P. BRADLEY.

No. 15,940.    (101 Pac. 477.)

SYLLABUS BY THE COURT.

EVIDENCE—*Burden of Proof—General Denial.* In an action to recover a quantity of wheat as crop rent the plaintiff, the owner of land, alleged and testified that it was agreed that with the land he was to furnish defendant wheat for seed and to receive as rental one-half of the crop. Defendant met the issue tendered by a general denial, and offered testimony to the effect that under the agreement he was to furnish the seed and give plaintiff a rental of one-third of the crop and that he purchased the wheat from plaintiff that was sown on the land. As the only substantial controversy between the parties was,. Who furnished the seed? it was error to instruct the jury that the burden of proof was upon defendant to show that he purchased from plaintiff the wheat which was sown.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 10, 1909. Reversed.

*George H. Whitcomb*, and *Clad Hamilton*, for plaintiff in error.

*Z. T. Hazen*, and *R. H. Gaw*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The possession of wheat of the value of $118.75 is involved in this litigation, and the result depends upon the terms of an oral lease. Frank. P. Bradley leased a farm to Frank M. Boyles for crop rent, and when they came to divide the crop grown on the place it was found that they did not agree as to the terms of the lease. Bradley claimed that he was to furnish the seed wheat and receive as rent one-half of the crop grown, and, further, that he did furnish the seed. Boyles claimed that the seed was to be furnished by himself and that he was to pay Bradley as rent one-third of the crop, and that in compliance with the agreement he did furnish the seed. It is conceded that Boyles procured the seed from Bradley which was sown on the

land, but the parties disagree in regard to whose wheat was sown. Boyles did not pay Bradley any money when he got the wheat, but he insists that he had a running account with Bradley, in which he charged himself with the wheat which he procured from Bradley, and in that way he furnished the seed, while Bradley insists that the wheat obtained from him was never purchased or furnished by Boyles. The testimony is undisputed that Bradley made an alternative offer to lease the farm for one-half of the crop if he furnished the seed or for one-third of the crop if Boyles furnished the seed, but there is a conflict in the testimony as to which proposition was accepted and who in fact furnished the seed. Bradley, insisting that he was entitled to one-half of the crop, brought replevin for the wheat, setting up his theory of the oral lease, and the defendant's answer was a general denial. In one of its general instructions the court advised the jury that the burden of proof was on the plaintiff, Bradley, to prove his cause of action by a preponderance of the evidence, but with that it coupled the following:

"In this connection, however, I instruct you further that the defendant here contends that he purchased the seed wheat from the plaintiff, the seed wheat which was sown and from which the crop in question was raised, and in that way he furnished the seed wheat himself. The burden of proof upon this proposition would be upon the defendant to show by a preponderance of the evidence that he purchased from the plaintiff the seed wheat which was used in sowing the land."

The added instruction putting the burden of proof upon the defendant can not be upheld. The parties joined issue upon the terms of the lease. Plaintiff pleaded that he furnished the seed and was to receive one-half of the crop. The defendant met the allegation with a mere denial. The burden to show the terms of the lease was upon plaintiff. Whether the defendant purchased the seed from the plaintiff was involved in the plaintiff's averment that he was to furnish the seed.

The testimony of the defendant, given under his general denial, that he bought and furnished the wheat sown was only one way of disproving the allegation and claim made by the plaintiff that he was to furnish the seed, and this was in fact the whole matter in controversy between them. The instruction therefore relieved the plaintiff of the burden of proving the issuable fact which he affirmed and defendant denied. Each party gave his version of the transaction, and, as they were in direct conflict, the placing of the burden of proof on defendant, which under the pleadings the plaintiff assumed when he brought the action, can not be regarded as immaterial error. If the defendant had admitted the agreement alleged by plaintiff, and had set up an affirmative defense, the burden of establishing such defense would have been upon him. Instead of pleading subsequent facts or new matter to defeat the plaintiff's claim he closed the issue with a denial, and it then devolved on plaintiff to prove this issue by a preponderance of evidence or fail in his action. The plaintiff may have made a *prima facie* case when he offered proof that the wheat sown was obtained from him, but evidence of this fact did not shift the burden of proof to the defendant. The plaintiff tendered the issue, and when all of the evidence of the parties was introduced the burden was still upon the plaintiff to satisfy the jury on this issuable fact. (*Homire v. Rodgers,* 74 Iowa, 395, 37 N. W. 972; *Gibbs v. Bank,* 123 Iowa, 736, 99 N. W. 703; *Doyle et al. v. Unglish et al.,* 143 N. Y. 556, 38 N. E. 711; *F. L. & T. Co. v. Siefke,* 144 N. Y. 354, 39 N. E. 358; *Connolly v. Clark,* 45 N. Y. Supp. 1042; 4 Wig. Ev. § 2489.)

It follows that the judgment of the district court must be reversed, and the cause remanded for a new trial.