Argued June 9, affirmed July 26, 1921.

# PORTLAND PULLEY CO. *v.* BREEZE ET AL.

(199 Pac. 957.)

**Contracts—In an Action on Promise to Pay for Labor and Materials, Plaintiff may Prove Either Implied or Express Contract.**

1. Where the complaint alleged that plaintiff, at the special instance of defendants, furnished labor and materials, etc., and that defendants promised to pay the reasonable value of such service and materials, plaintiff may prove facts from which the law would imply a promise to pay the reasonable value, or that defendants in terms agreed to pay the reasonable value.

**Contracts—Recovery for Reasonable Value of Work and Materials Held Supported by Evidence.**

2. In an action on promise to pay for the labor and materials for certain work, evidence *held* to show such an agreement and not an agreement to pay for the exact cost only of the labor and materials.

**Evidence—Evidence as to Cost of Materials and Labor Admissible on Question of Reasonable Value.**

3. In an action on a promise to pay the reasonable value of materials and labor furnished by plaintiff, evidence as to the cost of the same is admissible.

Evidence—In Action for Value of Labor and Materials Expended in Manufacturing, Evidence of Plaintiff's Overhead is Admissible.

4. In an action on a promise to pay the reasonable value of labor and materials expended in making undertaking baskets, evidence as to the overhead of plaintiff's factory was admissible on the question of reasonable value.

Evidence—Evidence as to Profits Admissible in Determining Reasonable Value.

5. In an action on a promise to pay the reasonable value of labor and materials furnished by a manufacturer, evidence as to the necessary charge for profit is admissible.

Appeal and Error—Ruling as to Which There was No Assignment not Reviewed.

6. A ruling will not be reviewed where it was not listed in the assignments of error.

Appeal and Error—Admission of Written Statement in Action Tried to the Court Harmless if Erroneous.

7. In an action for the reasonable value of labor and materials furnished, tried to the court, the admission in evidence of a statement made upon the billhead of plaintiff, containing items of labor and materials, was harmless, if erroneous, though plaintiff's witness who testified to the correctness of the statement did not go into the individual items, the disputed items being comparatively small.

Contracts—Findings Held Sufficient to Establish Plaintiff's Contention That It was to be Paid the Reasonable Value of Labor and Materials.

8. In an action for the reasonable value of labor and materials furnished in manufacturing a large number of undertaking baskets, where defendants contended that the baskets were to be manufactured at an agreed price of $20, and filed a counterclaim, findings that defendants had not proven the allegations of their answer, and were not entitled to prevail on the affirmative defense with others, *held* sufficient to support a judgment for plaintiff, although there was no direct finding that defendants were to pay the reasonable value of the labor and materials.

From Multnomah: GEORGE G. BINGHAM, Judge.

Department 1.

The Portland Pulley Company, the plaintiff, is a corporation; and Herbert J. Breeze and Lother H. Karau, the defendants, are partners doing business

5. Right to recover profits as damages for breach of contract where profits are very object of contract, see note in **Ann. Cas.** 1914D, 36.

under the firm name of Breeze-Karau Manufactur-
ing Company. The plaintiff is engaged in the wood-
working business and it maintains a factory for that
purpose. The defendants embarked upon the busi-
ness of manufacturing undertakers' baskets of the
kind used by undertakers when moving a dead body
to the place where the undertaker prepares the body
for burial. We understand from the record that
there was on the market a basket made of wickers,
and that it was the purpose of the defendants to use
sawed and planed strips of wood instead of wickers.

The defendant Breeze and W. P. Snook were part-
ners engaged in the undertaker business in a build-
ing occupied by them. The Breeze-Karau Manufac-
turing Company commenced business by beginning
the construction of some baskets. The defendants
did not have any machinery with which to manu-
facture the baskets and the work was being done by
hand in the basement of the Breeze & Snook build-
ing. One basket had been completed and about five
more were in course of construction when Snook in-
formed M. W. Parelius, the manager of the plaintiff,
of the work which the defendants were attempting to
do; and as a result of that information Parelius went
to the Breeze & Snook building for the purpose of
inspecting the baskets and with the view of ascertain-
ing whether he might secure some business for the
plaintiff. Parelius together with Breeze and Snook
inspected the completed basket and also the five
baskets which were in course of construction, and
after a conversation with Breeze it was understood
that the plaintiff would make twenty-five baskets.
When we say that Breeze and Parelius had a conver-
sation we do not intend to decide whether Karau was

101 Or.—16

or was not present and participated in the conversation.

The plaintiff manufactured the twenty-five baskets which were ordered by the defendants. The five baskets, which the defendants had only partially constructed, were taken to the plaintiff's factory, and the plaintiff furnished labor and material in the completion of these five baskets.

It became necessary to send to Chicago for some cloth to be used in making the baskets. The cloth was ordered by the plaintiff but was sent from Chicago to the defendants who paid $50.23 for it.

After the plaintiff manufactured the twenty-five baskets, which had been ordered by the defendants, and had finished the five baskets, which had been begun by the defendants but turned over to the plaintiff for completion, the plaintiff rendered to the defendants a bill for the alleged reasonable value of the work done and materials furnished. The defendants objected to the amount stated in the bill and claimed that the plaintiff had agreed to manufacture the twenty-five baskets for $20 per basket. The plaintiff and the defendants were unable to adjust their differences and this action brought by the plaintiff was the result.

In the complaint, it is alleged that at the request of the defendants the plaintiff performed and furnished labor and materials "in the manufacture of undertakers' baskets," of the reasonable value of $942.46; "that the defendants have promised and agreed to pay the reasonable value of the aforesaid service and materials, but have failed and refused to pay therefor," and there is due the plaintiff $942.46.

In their answer the defendants deny all the allegations of the complaint, except the averment concern-

ing the corporate character of the plaintiff; and in addition to these denials, the answer contains a further and separate answer pleaded by way of counterclaim. In this further and separate answer the defendants allege in substance that they designed a basket for the purpose of carrying the dead, and, desiring to have a number of baskets manufactured, the defendants requested the plaintiff to submit a bid for the manufacturing of the baskets; that pursuant to the request made by the defendants, Parelius inspected the basket which had been completed by the defendants and agreed to manufacture twenty-five baskets for the sum of $20 per basket; that the plaintiff proceeded to manufacture the baskets and "some time later advised the said defendants that said baskets were practically completed and thereupon rendered to the said defendants a statement demanding of said defendants the sum of $725.76"; that the defendants then and there tendered to the plaintiff "the contract price of said baskets, to wit, the sum of $500," but the plaintiff refused to accept the tender and demanded the sum of $725.76, "and thereupon refused to deliver said baskets until the said sum was paid."

The further and separate answer continues by alleging that the

"defendants in all things fully performed their part of said contract of (or) agreement, and at the request of the said plaintiff paid to apply upon said contract the sum of $50.23, said sum having been expended by the defendants for the purpose of purchasing materials in the manufacture of said baskets; that after the said plaintiff had failed and refused to do its part of said contract and deliver said baskets under said contract, these defendants demanded of the said plaintiff that it repay to these

defendants said sum of $50.23, but the said plaintiff has refused and still refuses to pay said sum or any part thereof."

The answer concludes with a prayer demanding judgment against the plaintiff for the sum of $50.23. The plaintiff replied with a general denial. The cause was tried without the intervention of a jury. The only findings of fact made by the court were as follows:

"I.

"Between the twenty-fifth day of January, 1919, and the first day of July, 1919, the plaintiff, at the special instance and request of the defendants, furnished and performed certain labor and material in the manufacture of twenty-five undertakers' baskets, and that such labor and material so performed and furnished in the manufacture of such baskets was of the reasonable value of $726.34.

"II.

"The defendants advanced to the plaintiff materials which entered into the manufacture and construction of such baskets of the reasonable value of $53.23.

"III.

"That no part of the sum of $726.34 has been paid by the defendants, or either of them, excepting the sum of $53.23 materials advanced and furnished, leaving due and owing from the defendants to plaintiff on account of materials and labor in the manufacture of such baskets the sum of $673.11.

"IV.

"That defendants have not proven the allegations of their further and separate answer by the preponderance of the evidence, and for that reason the defendants are not entitled to prevail upon the affirmative defense set forth in their further and separate answer."

From the foregoing findings of fact the court deduced the conclusion of law that the plaintiff is en-

titled to a judgment for $673.11 and costs and disbursements. A judgment in conformity with the findings was rendered for the plaintiff, and the defendants appealed.                                   AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Maurice W. Seitz.*

For respondents there was a brief over the name of *Messrs. Beach, Simon & S. J. Bischoff,* with an oral argument by *Mr. Bischoff.*

HARRIS, J.—The complaint, it will be observed, alleges that the defendants owe the plaintiff $942.46 for work done and materials furnished in the manufacture of baskets. There is no attempt in the complaint to segregate the work done upon and materials furnished for the twenty-five baskets, which were begun and completed by the plaintiff, from the work and materials entering into the five baskets which were begun by the defendants and finished by the plaintiff.

As we understand the record, the plaintiff claims that it is entitled to $55.49 as the reasonable value of the work and materials which entered into the five baskets finished by the plaintiff. We also understand from the record that the defendants admit that the plaintiff is entitled to whatever is the reasonable value of the work and materials which entered into the five baskets. Among the items making up the claim of $55.49 is an item of $26.35. During the trial the defendants admitted the accuracy of this item amounting to $26.35; and while admitting that the plaintiff was entitled to whatever additional work and labor may have entered into the five baskets, the defendants nevertheless called upon the

plaintiff to show by competent evidence the kinds, quantities and values of the materials and the amount and value of the labor over and above the item of $26.35 which entered into the five baskets. The plaintiff paid seventy-five cents for a telegram sent by it when ordering the cloth which was sent from Chicago, and this item of seventy-five cents is added to the claim of $55.49, making an aggregate of $56.24. This sum of $56.24 represents the total amount of the items set forth in the paper which is marked Exhibit "B" and which will be hereinafter discussed.

Although this action is brought to recover the reasonable value of work and material which entered into both the twenty-five baskets and the five baskets, this controversy relates more especially to the twenty-five baskets begun and completed by the plaintiff. Notwithstanding the answer denies all the allegations of the complaint, except the averment as to the corporate character of the plaintiff, it appears from the separate defense pleaded as a counterclaim that the defendants admit that the plaintiff agreed to make and that it did make twenty-five baskets. In other words, it appears from the record that it is admitted that the parties entered into an agreement for the manufacture of twenty-five baskets and that pursuant to the agreement the plaintiff did manufacture twenty-five baskets. The price to be paid for the twenty-five baskets is the matter in dispute. The plaintiff claims that the price was to be the reasonable value of the work and materials. The defendants contend that the agreement provided for a fixed price of $20 per basket.

1. It will be noticed that the complaint alleges that the plaintiff at the special instance and request of

the defendants furnished labor and materials of the reasonable value of $942.46, and that the defendants "have promised and agreed to pay the reasonable value of the aforesaid service and materials." Under this form of complaint the plaintiff was enabled to prove either (1) facts from which the law would imply a promise to pay the reasonable value; or (2) that the defendants in terms agreed to pay the reasonable value: See *Nyhart* v. *Pennington,* 20 Mont. 158 (50 Pac. 413).

2. According to the testimony of M. W. Parelius, he told Breeze, when the plaintiff agreed to make the twenty-five baskets, "it would be a time and material proposition," meaning the reasonable value of whatever time and material might enter into the baskets. If such was the understanding, then there was an express agreement to pay the reasonable value of the work and materials.

The defendants contend, however, that even though it be assumed that Parelius stated it would be "a time and material proposition," the plaintiff nevertheless meant the exact cost to the plaintiff of the time and materials. This contention of the defendants is based upon language used by the court and by the attorney for the plaintiff at a time when discussing an objection to a question which the attorney for the plaintiff asked Parelius when he was a witness. Parelius was asked:

"Now, who had to purchase all the hardware and accessories that went into the making of these baskets?"

The attorney for the defendants objected upon the ground that the question called for a conclusion, and thereupon the court said:

"I think the witness testified that he was to do this work and was to be paid the cost of labor and

material, and he furnish all the material excepting this cloth. Is that right?''

The attorney for the plaintiff declared:

''That is my understanding of it, your Honor. I will put the question in this manner.''

The witness had already testified that he told Breeze that ''it would be a time and material proposition''; and an inspection of the record makes it so plain as to be beyond any reasonable doubt that it was the theory of the plaintiff throughout the entire trial that the defendants agreed to pay the reasonable value of the work and material. The persistent effort of the plaintiff was to show an agreement, express or implied, to pay the reasonable value and to show what was the reasonable value of the work and material; and it is clear that the court did not use the word ''cost'' in the sense contended for by the defendants. The argument of the defendants is that the complaint is on the *quantum meruit;* that the evidence shows an agreement to pay the exact cost of the work and materials; and that, therefore, the plaintiff must fail because it cannot in an action on the *quantum meruit* offer evidence of an express agreement. We cannot concur with the defendants in their interpretation of the language used by the court and by the attorney for the plaintiff.

3. The defendants insist that there is no evidence showing the reasonable value of the work and materials. Parelius testified that ''about six hundred and eighteen or twenty dollars'' was the ''invested cost'' of the materials and labor ''that went into these baskets.'' B. I. Russell, who as ''office man and assistant manager'' kept the books of the plaintiff, testified that the ''total cost of manual labor'' was $453.84, segregated as follows: ''Painting was $25

and machine work $30.17, and cleaning up and sand-papering for the painting was $23.83; the bench-work was $374.84''; and that the material which went into the baskets cost $164.65, making a total of $618.49 actually paid by the plaintiff for labor and material. There was evidence to the effect that the wages paid by the plaintiff were less than the prevailing wages. However, no witness stated whether or not the cost to the plaintiff of the labor and materials was reasonable. The defendants contend that the cost of material and labor is not competent evidence to show the reasonable value; and that, therefore, there was no evidence at all showing the reasonable value of the labor and materials. We cannot agree with the defendants in this contention. The work of making the baskets was largely an experiment, at least according to the theory of the plaintiff. It was stated in behalf of plaintiff that not until after the completion of the twenty-five baskets could those in charge of the work tell even with approximate correctness the cost of the work and materials. It was necessary to make frames, to prepare a steam-box and to install a pipe through which to conduct steam so that the strips of wood could be fashioned and bent; and the cost of all this could not be figured in advance. Moreover, the plaintiff says that the cost of the first lot of baskets would naturally be more than the cost of any baskets that might be subsequently made, for the reason that the makers would profit by their experience with the first lot. While ordinarily the price paid for an article does not furnish a satisfactory test of value, yet it is a circumstance which may sometimes be considered and indeed in some situations may be very persuasive evidence of value. We think that in the circumstances presented here the evidence as to the cost of

the labor and materials was competent and furnished some evidence of reasonable value; and the precedents support this conclusion: *Chaperon* v. *Portland Electric Co.,* 41 Or. 39, 48 (67 Pac. 928); *Dakin* v. *Queen City Fire Ins. Co.,* 59 Or. 269, 273 (117 Pac. 419); 22 C. J. 184.

4, 5. The plaintiff was permitted to show that in its calculation of the sum which it claimed as a reasonable charge for manufacturing the baskets it added to the cost of labor and material an amount, equal to 25 per cent of such cost, to cover factory overhead, and also 15 per cent as profit. The cost of the overhead, estimated at 25 per cent, includes the rent of the plant, salaries of foremen and officers, and the like, and is clearly an item which may be properly considered when trying to calculate the reasonable value of the time and materials which went into the baskets. A charge of 15 per cent for profit was reasonable if the witnesses for the plaintiff were to be believed; for there is evidence that a factory like that of plaintiff could not "exist on that profit." This evidence concerning profit was competent to be considered by the court when estimating the reasonable price to be allowed for manufacturing baskets: *Venable Const. Co.* v. *United States,* 114 Fed. 763.

6. When B. I. Russell testified, he was asked to produce the invoices of the materials which went into the baskets; and upon being produced, the invoices were received in evidence over the objection of defendants and marked Plaintiff's Exhibit "F." This witness testified that the invoices represented the materials which actually went into the baskets and that the sum of $164.65 had been paid for the materials. In their brief the defendants argue that the reception of Exhibit "F" constituted reversible error. The ruling of the court permitting the intro-

duction of Exhibit "F" is not listed among the assignments of error found in the printed abstract; and hence we will not review the ruling: *Albright* v. *Keats Auto Co.*, 85 Or. 134, 137 (166 Pac. 758).

7. The ruling which permitted the plaintiff to introduce Exhibit "B" is, however, assigned as error and is properly here for review. Exhibit "B" is a statement made out on the billhead of plaintiff and it contains items of labor and materials, with dates and values, which the plaintiff says went into the five baskets finished by the plaintiff. As previously explained the total amount of the items shown on Exhibit "B" was $56.24, and among these items was one for seventy-five cents for a telegram and an item of $26.35 which was admitted by the defendants and by them conceded to be a proper deduction to be made on the counterclaim pleaded by them.

The attorney for the plaintiff exhibited the paper to Parelius and asked the witness if the statement refreshed his recollection "as to the items that were furnished independent of those twenty-five baskets, and the dates and the amounts." The witness was then asked to "state what the item is, and the date and the amount"; and thereupon the court stated "he need not go into each individual item"; whereupon the following questions were asked by the attorney for the plaintiff and answers given by the witness:

"Q. Are these items set forth on this statement correct—a correct statement of the labor and materials that were furnished on the baskets other than the twenty-five that you have testified to?

"A. Yes, this is a correct statement.

"Q. You say this is correct as to the material and amounts?

"A. Yes. * *

"Q. Mr. Parelius, was the merchandise that was described in this statement, marked Plaintiff's Exhibit 'B,' actually furnished to the defendants?

"A. It was."

It will be observed that the witness testified directly that it was a correct statement "as to the material and amounts," and "was the merchandise * * actually furnished to the defendants." The plaintiff should have been permitted to examine the witness as to each item, for there were but eight items, including the item for seventy-five cents and the one for $26.35. It must be remembered that the cause was tried by the court without a jury. The total of the disputed items was comparatively small. In all of the circumstances shown by the record we do not think that the defendants were harmed by the ruling of the court, and consequently our conclusion is that the plaintiff is not entitled to a reversal on account of any error arising out of the reception of Exhibit "B," even though it be assumed that the introduction of Exhibit "B" was technically an error.

8. Although the record presented upon this appeal is not a model one, nevertheless all the members of this court who heard the cause are agreed upon the questions thus far discussed. However, the writer is unable to agree with his associates upon the remaining question urged by the defendants. Upon examining the findings of fact it will be observed that the court did not find that the defendants promised to pay the reasonable value or any sum for the baskets. It will also be observed that in the finding of fact numbered IV the court found that the defendants had not proved the allegations of their answer "by the preponderance of the evidence, and for that reason the defendants are not entitled to prevail upon the affirmative defense." It is the opinion of

the writer that, because of the nature of the main issue, and indeed the issue upon which the cause necessarily must turn one way or the other, since the plaintiff is asserting an agreement, express or implied, for a reasonable price and the defendants are asserting a fixed price at $20 per basket, the court was required under the authority of *Turner* v. *Cyrus,* 91 Or. 462 (179 Pac. 279), to make a direct and unequivocal finding either that the defendants promised to pay a reasonable price or that they promised to pay a fixed price of $20 per basket. It is likewise the opinion of the writer that finding numbered IV shows that the burden of proof was by the court cast upon the defendants to prove by a preponderance of the evidence that the price agreed upon was $20 and not a reasonable price. Throughout the trial of an issue, such as the main issue here involved, the burden of proof rests upon the plaintiff to show a state of facts which entitles it to recover the reasonable value of the baskets. Precedents squarely in point and arising out of pleadings almost identical with those involved here support the view that the burden of proof as to the question of price rested upon the plaintiff and not upon the defendants: *Johnson* v. *Wanamaker,* 17 Pa. Sup. Ct. 301; *Connolly* v. *Clark,* 20 Misc. Rep. 415 (45 N. Y. Supp. 1042); *Phipps* v. *Mahon,* 141 Mass. 471 (5 N. E. 835). See, also, 13 C. J. 757; 22 C. J. 75; *Starratt* v. *Mullen,* 148 Mass. 570 (20 N. E. 178, 2 L. R. A. 697); *Stewart* v. *Thayer,* 170 Mass. 560 (49 N. E. 1020); *Hansen* v. *Oregon-Wash. R. & N. Co.,* 97 Or. 190, 210 (188 Pac. 963, 191 Pac. 655).

A majority of the court are of the opinion that the findings are sufficient. It will be remembered that the defendants pleaded a counterclaim. In effect

they allege that the price agreed upon for the twenty-five baskets was $20 per basket; that the defendants tendered $500 for the twenty-five baskets when ready for delivery; that the plaintiff refused to receive the tender and at the same time refused to deliver the baskets to the defendants; and, therefore, the defendants say that they are entirely released from any liability whatever for the twenty-five baskets. The defendants further say that they paid $50.23 for some cloth which was used by the plaintiff for manufacturing the twenty-five baskets which the defendants now wish to treat as the exclusive property of the plaintiff; and the defendants therefore claim that the plaintiff is indebted to them in the sum for $50.23 for the cloth. At the beginning of the trial the defendants admitted that the plaintiff should be credited with the item of $26.35, thus leaving according to the contention of the defendants a balance due the defendants on their counterclaim. According to the pleadings this balance is $23.88. According to the evidence, however, the balance is slightly larger. In other words, the defendants in effect say that they are entitled to rescind and do rescind the contract made concerning the twenty-five baskets, and hence that they are entitled to recover from the plaintiff the moneys paid for the cloth, less a credit of $26.35. A majority of the court take the view that finding numbered IV is to be construed to mean that the defendants failed to prove the alleged right of rescission, and that, therefore, in addition to this finding, it was sufficient for the court to find as it did that the plaintiff at the request of the defendants did work and furnished materials of the reasonable value of $726.34, because the law implies a promise to pay the reasonable value, if the parties did not expressly

agree upon a price, and it is not necessary to find as a fact that which the law implies. The writer thinks that the judgment should be reversed because of the failure of the court to make a direct finding either that the defendants promised to pay the reasonable price or that they promised to pay a fixed price of $20 per basket; but a majority of the court are of the opinion that the findings are sufficient; and therefore the judgment is affirmed.    AFFIRMED.

BURNETT, C. J., and BEAN and McBRIDE, JJ., concur.