(29 Misc. Rep. 662.)

### TROTTER v. BREVOORT.

(Supreme Court, Special Term, Kings County. December, 1899.)

1. DEPOSITIONS—EXAMINATION OF PARTY BEFORE TRIAL.

In deciding whether a party is entitled to an order for his examination before trial, Code Civ. Proc. § 872, subd. 5, imposing restrictions on the right to examination of witnesses before trial, will not be considered.

2. SAME—VACATING ORDER FOR EXAMINATION OF PARTY BEFORE TRIAL.

An order to examine a party before trial cannot be vacated because the affidavit on which it was granted showed more than was required by Code Civ. Proc. § 872, subds. 1–4.

Action by Charles W. Trotter against William H. Brevoort. Motion to vacate an order for the examination of plaintiff before trial, obtained at his own instance. Motion denied.

Wilbur Larremore, for plaintiff.
Robert L. Moffett, for defendant.

GAYNOR, J. The affidavit on which the order for the plaintiff's examination was obtained shows the facts required by subdivisions 1 to 4 inclusive of section 872 of the Code of Civil Procedure, and in addition that he is bedridden and will not be able to attend the trial. This latter is a necessary statutory ground for the examination of a witness before trial. Subdivision 5. But at the end of subdivision 5 is a provision that it "does not apply to a case where the person to be examined is a party to the action." The ground on which this motion is made is that the plaintiff cannot procure his own examination on the ground that he cannot be present at the trial. I do not understand this position. The said subdivision 5 seems to be entirely misunderstood. It imposes restrictions on the right to examine witnesses only. It provides that in order to examine witnesses before trial it must be shown that they cannot be present at the trial because of absence or sickness. But it provides that such restrictions shall not apply to the examination of parties. In deciding whether a party may be examined before trial subdivision 5 is not to be considered at all. It is as though it did not exist. The order to examine a party before trial cannot be vacated because the affidavit on which it was granted shows more than is necessary. There is no reason for being particular to prevent such examinations. The deposition cannot be read on the trial until it be first proved that the party cannot be present from sickness or absence from the state. Section 882.

Motion denied.