(101 App. Div. 463.)

HEBRON v. WORK.

(Supreme Court, Appellate Division, First Department. February 17, 1905.)

1. DEPOSITIONS—WHEN ALLOWABLE—EXAMINATION OF PARTY—INFIRMITY.
    Code Civ. Proc. § 870, as amended by Laws 1904, p. 1693, c. 696, authorizes the deposition of a party to be taken at the instance of either party before or during the trial, as prescribed in the article of which it is a part. Section 872, subd. 5, which is a part of the same article, authorizes examinations in cases of sickness or infirmity, but does not apply where the person to be examined is a party. This subdivision was inserted before the examination of a party at his own instance was authorized, and the object of the exception was to make it evident that, where the examination of a party was at the instance of the adverse party, it was not necessary to show that he was sick or infirm. Held, that the examination of a party at his own instance may be had either before or during the trial upon the ground of his sickness or infirmity.

**2. SAME—EXAMINATIONS DURING TRIAL—GROUNDS.**

Under Laws 1904, p. 1693, c. 696, amending Code Civ. Proc. § 870, by permitting the examination of a party "before or during" trial, instead of merely before trial, a party should not be allowed to give his deposition at his own instance during the trial, for a cause existing and known to himself and his counsel prior to the commencement thereof.

**3. SAME—REQUISITES OF ORDER.**

The examination of a party during trial under Code Civ. Proc. § 870, as amended by Laws 1904, p. 1693, c. 696, should not have been granted on an application made without an accompanying affidavit setting forth the facts required by Code Civ. Proc. § 872, prescribing the contents of affidavits in support of applications for depositions, and without a written order, as required by sections 767 and 873, served on the attorneys in accordance with section 875.

**4. SAME—REQUISITES OF ORDER—WAIVER.**

An answer of counsel to a question as to whether the examination of a party could be taken before a stenographer, or whether a referee would be necessary, that there would be no technical objection, and that a stenographer would suffice, did not constitute a waiver of compliance with Code Civ. Proc. §§ 767, 872, 873, 875, prescribing the requisites of orders to take depositions, where counsel had objected to the granting of the application for the deposition, on the ground of want of power in the court to order the same, and had excepted to the ruling of the court granting the order.

Appeal from Trial Term, New York County.

Action by James Hebron against Frank Work. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John Delahunty, for appellant.
H. B. Closson, for respondent.

LAUGHLIN, J. The principal question presented by this appeal arises on the taking of the testimony out of court during the trial against objections interposed by counsel for the plaintiff. The learned counsel for the respondent, however, contends, in effect, that the plaintiff failed to establish a cause of action, and that defendant's motion for a nonsuit at the close of the plaintiff's case and for a dismissal of the complaint made at the close of the evidence should have been granted, and that it is therefore unnecessary to examine the question to which attention has been drawn. The record fails to disclose that the defendant moved for a nonsuit, although it appears that at the close of the evidence his counsel moved for a dismissal of the complaint "on the ground given at the end of the plaintiff's case," and on the further ground that this was an action for conversion and that plaintiff had failed to show title in himself at the time of the conversion. As already stated, the record does not show a motion for a dismissal at the end of the plaintiff's case. Counsel for the respondent now contends that it is not an action for conversion, but an action for breach of contract to purchase stock, and that the plaintiff has failed to show any consideration or damages recoverable upon that theory of the case. The appellant insists that it is an action for conversion, and, as

already stated, it appears to have been so treated by both parties upon the trial. Moreover, we think the allegations of the complaint clearly show that it is the ordinary action by a customer against a stockbroker for the conversion of stocks purchased and held for the customer upon margins. The plaintiff gave evidence tending to establish these allegations, and made out a case for the jury. It therefore becomes necessary to revert to and decide the other question.

The examination of the defendant was taken during the trial upon the theory that he was incapacitated by age and ill health from appearing in court as a witness. There does not appear to have been any change in his condition after the case was moved for trial, or for a long time prior thereto, and the state of his health and infirmity were known to his counsel. It does not appear that any application to take his testimony was made prior to the commencement of the trial, or that the plaintiff or his attorney or counsel was notified that the defendant would be unable to appear, or that an application would be made to take his testimony during the trial. As the court was about to adjourn at the close of the first day of the trial, and after the examination of the defendant in chief had been substantially completed, counsel for the defendant informed the court that it would be necessary to take the testimony of his client out of court, and presented an affidavit of a physician, verified eight days before, tending to show the necessity therefor. Counsel for the plaintiff questioned the facts stated in the affidavit, and interposed the further objection that the court had no power to grant the application. The court announced that a physician would be sent to see and report on the condition of the defendant in the morning, at which time decision on the application would be made. In the morning the court announced that a letter received from a physician sent to examine and report on the defendant's condition showing the necessity for the examination out of court had been received, and exhibited it to counsel, and orally directed from the bench that the testimony of the defendant should be taken, but gave the plaintiff the option to suspend the trial until the following Monday for the purpose of taking the testimony before a referee. Counsel for the plaintiff stated that he desired to file affidavits in opposition to the affidavit of the physician presented by the defendant the day before, and that he excepted to the ruling of the court that the examination of the defendant should be taken. In answer to an inquiry by the court as to whether the testimony could be taken before a stenographer, or whether the assistance of a referee on the examination would be necessary, counsel for the plaintiff stated that there would be no technical objection, and that a stenographer would answer. The testimony was taken during the noon recess, and when the stenographer was called in behalf of the defendant to report the testimony from his notes counsel for the plaintiff interposed the same objection and exception to the reading of the deposition as he had interposed originally to the taking of the testimony. It is contended on the part of the respondent that by the amendment to section 870 of the Code of Civil Procedure by chapter 696, p. 1693, of the Laws of 1904, which took effect before the commencement of the trial, the examination of a party either before or during

the trial is now authorized. That section, as so amended, now provides:

"The deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such a court, other than a court specified in subdivision sixteenth, seventeenth, eighteenth or nineteenth of section two of this act, may be taken at his own instance or at the instance of an adverse party, or by a co-plaintiff or co-defendant at any time before or during the trial, as prescribed in this article."

The only change made by the amendment was the addition of the words "or during." Prior to the amendment the taking of the deposition, when authorized at all, could only be taken before the trial. The effect of the amendment was to authorize the taking of the deposition during the trial as well in a case where the taking of the deposition was authorized. If, therefore, the deposition of the defendant could have been taken before the trial for the cause here assigned, the amendment would confer jurisdiction to order it taken during the trial in a proper case. It will be observed that section 870, while authorizing the examination of a party, does not prescribe the circumstances under which the examination may be had, but provides that it may be taken "as prescribed in this article." The provisions of the article defining the circumstances under which the examination may be taken are contained in section 872. Subdivision 5 of that section relates to examinations in cases, among others, of sickness or infirmity, and provides that the subdivision does not apply where the person to be examined is a party. A literal reading of this section would seem to indicate that it does not authorize the examination of a party upon that ground, but the history of the legislation on this subject shows that the provision that that subdivision does not apply where the person to be examined is a party was inserted before the examination of a party at his own instance was authorized, and the exception was designed to confine the scope of that subdivision to the examination of a witness, and to make it clear that, where the examination of a party was at the instance of an adverse party, it was not necessary to show that the party to be examined was about to depart from the state, or was so sick or infirm as to render it probable that he would not be able to attend the trial. Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 355, 361, 39 N. E. 358; McVity v. Stanton (Sup.) 13 N. Y. Supp. 914. These sections should be revised to harmonize with the changes made in the law by the Legislature and to conform clearly to the construction placed thereon by the courts, to the end that new beginners may not be obliged to devote days of study to ascertain the correct practice in obtaining the examination of a party or a witness, and that the old practitioners and the courts may not be misled when required to act without much time for examination or reflection. Prior to the amendment of 1904, therefore, the examination of a party might be had before trial, at his own instance, upon this ground. It does not follow, however, that the deposition may be taken during the trial for cause existing and known to the party and his counsel prior to the commencement thereof. The reasonable interpretation of the amendment would seem to be that the Legislature had in mind that the necessity for the examination might not exist be-

fore the commencement of the trial, but might arise thereafter, and the intent of the Legislature in enacting the amendment apparently was to provide for such contingencies. If the construction of this amendment adopted at the trial should prevail, the examination of a party at his own instance would seldom or never be taken until after the commencement of a trial. Such a practice would result in delay and confusion upon the trial, and often produce injustice. If, therefore, the statute required a construction that would authorize an examination during the trial even if the facts necessitating the examination were known to the party or his counsel when the case was moved for trial, we would be disposed to hold that the discretionary power should not be exercised in such circumstances. It is manifestly unfair to the adverse party, who might, had he known that such an application would be made, have preferred to consent that the case go over the term, or be postponed until the examination could be taken, or until the party would be able to appear upon the trial.

Moreover, the objection that the court had no power to order the examination was well founded for other reasons. The application was made to the court, and not to the judge, and no affidavit was presented setting forth the facts required by the provisions of said section 872, and no order in writing was made, entered, or served as required by law. Code Civ. Proc. §§ 767, 873, 875. It is claimed that these objections were waived, but we think not. There was doubtless a waiver as to the time of the examination and as to the necessity of having a referee, but there was no waiver of the necessity of showing the jurisdictional facts. Counsel for the plaintiff merely, under protest, obeyed an oral direction of the court, to which he took exception on the ground that it was unauthorized.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; HATCH, J., in result.