ANNA MCGRATH, as Administratrix De Bonis Non with the Will Annexed of FRANCIS MCGRATH, Deceased, Respondent, v. ANTONI CZERNIAWSKI and Others, Appellants.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young, Seeger and Scudder, JJ., concur; Carswell, J., not voting.

AMERICO OLIVIERA, Appellant, v. THERESA OLIVIERA, Respondent.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN BOSLOW, Appellant.— Judgment of conviction of the Court of Special Sessions, Borough of Brooklyn, reversed upon the law and the facts, information dismissed, and fine directed to be remitted. The testimony shows that the fire apparatus came into Bay Parkway suddenly while defendant was crossing it. It may be that he was guilty of negligence in that he was slow to observe the approach of the apparatus, and in his endeavor to avoid it. There is nothing in the proof to show that he was guilty of any recklessness or indifference to the approach of the fire apparatus. The facts do not show a *refusal* to give the right of way to or an obstruction of fire apparatus in proceeding to a fire within the purview of section 748 of the Greater New York Charter.■ Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

JACOB SCHWARTZ, Respondent, v. J. L. TAYLOR & Co. and INTERNATIONAL TAILORING COMPANY, Appellants.— Order granting plaintiff's motion to vacate notice of examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The mere lapse of time between the commencement of the action and the notice of examination of a party before trial, in the absence of any other showing, is not sufficient reason for vacating the notice on the ground of laches. (*Shonts* v. *Thomas*, 116 App. Div. 854; *Donaldson* v. *Brooklyn Heights Railroad Co.*, 119 id. 513; *Tisdale Lumber Co.* v. *Droge*, 147 id. 55; *Kornbluth* v. *Isaacs*, 149 id. 108.) The burden is upon defendants to prove affirmatively that plaintiff had or might have obtained similar employment and they are entitled to examine the plaintiff upon that issue. (*Howard* v. *Daly*, 61 N. Y. 362; *Allen* v. *Glen Creamery Co.*, 101 App. Div. 306; *Abramson* v. *Davis Gowns, Inc.*, 128 Misc. 454.) Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur. Settle order on notice; date of examination to be fixed therein.

ABRAM SEBRING, as Receiver of the COMMUNITY LIVE POULTRY CORPORATION, Respondent, v. PHILIP KATSHER and MAX KAPLAN, Defendants. JOSEPH A. LAUB, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

ANDREW SEKULSKI, Appellant, Respondent, v. JOSEPHINE SPANO and ANDREW SPANO, Respondents, Appellants. ALFONSO SPANO and Others, Defendants.— The decision of this court, handed down on February 15, 1929, is hereby amended to read as follows: Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.

In the Matter of the Application of GEORGE READ MARTIN for Admission to the Bar. (From the State of Virginia.)— Application granted. Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.