Matthew M. Levy, J.
This is an action to recover the purchase price of goods sold and delivered. Denials, defenses and a counterclaim have been interposed, raising the issues of the delivery of merchandise not in accordance with sample, of allegedly inferior and unmerchantable quality, of breach of warranty and of rejection. The plaintiffs have noticed the taking of the defendant’s pretrial examination. The defendant now moves to vacate or modify the notice.
It appears that the plaintiffs had instituted a prior action in respect of the same transaction, and that in that earlier suit-— which was dismissed for failure of diligent prosecution — the plaintiffs had not sought an examination before trial. The defendant contends that this shows thát an examination now is unnecessary. The point is entirely meritless — there has been no waiver whatsoever. Moreover, delay, without more, in seeking a pretrial examination is not a bar to its being had — there must be a showing of some disadvantage or prejudice to the defendant to give substance to the plea of laches (Schwartz v. Taylor & Co., 225 App. Div. 899; Israelson v. Gersing, 234 App. Div. 706; Wennerholm v. Thiberg, 206 Misc. 755).
The plaintiffs have, in their notice, provided that the defendant submit to examination in New York City. But the defendant states that its principal office and manufacturing plant are *50 located in Buffalo, New York, that its officers and employees having knowledge of the facts are resident and have their offices there, that all its relevant records, and the goods in dispute, are located there. In consequence the defendant contends that it would be undue hardship to be compelled to submit to an examination in New York City, and that the applicable statute does not require it.
Section 300 of the Civil Practice Act provides in its first sentence: “ "Where a person to be examined, as prescribed in this article, within the state, is a resident of the state, he shall not be required to attend in any county, other than that in which he resides, or where he has an office for the regular transaction of business in person, except that where such residence or office is in a county within the city of New York and the action is pending in a county within the city of New York, he may be required to attend in the county where the action is pending. ’ ’
In the case at bar the examination before trial was initiated not by an order, but by a notice, and therefore the first sentence of section 300 is applicable. A resident of the State who is to be examined shall not be required to attend in any county other than that ‘1 in which he resides, or where he has an office for the regular transaction of business in person ”. (Ahearn v. Manzione, 270 App. Div. 944; Popkin v. Original Novelty Co., 196 Misc. 120.)
In opposition to the motion the plaintiffs set forth the following facts: That the defendant corporation has a telephone listing in the 1959/1960 Manhattan telephone directory and in the 1959/1960 Manhattan classified telephone directory, and that the defendant corporation has a listing in the building directory, at 200 Fifth Avenue, New York, N. Y. for both M. Wile and Company, room 1254-1256, and Arthur Gunzberg, room 1254. Gunzberg is the defendant’s president. On the basis of these facts, the plaintiffs urge that the examination may and should be held in New York County,
It is undisputed, however, that what the defendant maintains here is a showroom and office-salesroom, and that its principal business activities are centered in Buffalo. A reading of the statute makes it clear that a party cannot be compelled to submit to examination — pursuant to notice — outside of the county where he resides or has an office for the regular transaction of business in person. The obvious intent of the Legislature was that a person should not be compelled to submit to examination in one county, when his books and records, his office and principal place of business, are located in another county. And it is just not to subject the party to be examined to any harassment *51 or- undue inconvenience. The maintenance of an office for the regular transaction of business in person means more, in the present context, than the maintenance of a mere sales office or showroom — where there is a customary, substantial, place of business elsewhere, where the books and records are kept, and where the officers have their offices and reside, and where they transact their regular business in person (see Levine v. Levy, 141 N. Y. S. 2d 131; Smith Leather Corp. v. Slater-Boroff, 206 Misc. 124).
Under the circumstances here, and in the exercise of discretion, I direct that the examination proceed in Buffalo.
Settle order.