Joseph A. Cox, S.
Citation in this proceeding for the judicial settlement of the account of trustees was returnable in Decern-' ber, 1958 and the issues were joined by appropriate pleadings in February, 1959. The court stated at a conference of counsel in March, 1959 that a separate trial would be had upon the issue as to the validity of a purported release and thereafter on the *440 first hearing date, June 8, 1959 a like ruling was made an the record. At the conference and again at the hearing on June 8 the attorney for the movant indicated that he considered an examination before trial necessary to his case and the court suggested that such relief be sought promptly. The matter thereafter was scheduled for hearing in September and now is set down to be heard on January 14. The movant, for the first time, now moves by order to show cause for extensive examinations of several persons, for letters rogatory and for reconsideration of the ruling as to the issue to be tried.
The notice of motion does not in any wise disclose the real extent of the examinations sought and the attorney’s affidavit of 41 pages in support of the motion takes the form of a legal argument of the issues, long recitals of purported facts, numerous accusations of wrongdoing and interspersed vague indications as to the matters of examination. It is an imposition on the time of a court to require it, a week before trial date, to extract from this wordy document so much thereof as may be pertinent to the relief sought by the motion. While it is recognized that the practice with respect to pretrial examinations has been liberalized both as to specification of the items of examination and the extent of the matter to be covered, it is the feeling of this court that an examination sought during a trial should be specific as to the extent of the desired examination and under no circumstances should a legal brief and lengthy factual contentions be so commingled with a statement of the requested relief as to make extraction of the latter a task approaching the impossible.
If one thing is clear in the motion papers, it is that the area of the requested examinations extends far beyond the issue now ' set for trial and is premised on the prayer that the court review and reverse its ruling as to the precise issue to be tried in the first instance. This ruling was argued at length at the conference of counsel and again at the first hearing and the movant was granted permission to submit an order so that the ruling could be reviewed by an appeal, but this opportunity was rejected. Accordingly, that part of the motion which seeks a review of the ruling is denied and so much of the motion as seeks examinations upon any issue other than that involving the validity of the release is denied without prejudice to a renewal ' in the event the release should be held to be ineffective.
It is obvious that, if a need for any examination can be said to exist, it is not one that arose since the commencement of the trial of the issue and neither is such need something that has been brought to the movant’s attention by any recent event. *441 Amy necessity for examination was apparent once issue was joined and, in fact, the movant expressed a desire to conduct an examination months ago. The movant had ample opportunity to seek this relief prior to the first hearing date and during the long interval thereafter but he failed to act. These facts alone justify a denial of the motion for examinations (Hebron v. Work, 101 App. Div. 463; Kravetz v. United Artists Corp., 141 N. Y. S. 2d 676; Matter of Carthage Paper Makers v. United Box Board Co., 159 N. Y. S. 2d 659, affd. 3 A D 2d 640).
In view of the unexplained laches of the movant and the fact that the moving papers do not disclose an actual necessity for examination at this time, the motion is denied and the hearing will proceed on January 14. If during the trial it is developed that testimony essential to the movant’s case can be procured only by deposition, an appropriate motion specifying the precise character and extent of such examination may be made.
Submit order on notice denying the motion.