William R. Brennan, Jr., J.
Section 288 of the Civil Practice Act provides that ‘1 Any party to an action * * * may cansí» to be taken by deposition, before trial, his own testimony *557 or that of any other party, which is material and necessary in the prosecution or defense of the action ” (emphasis supplied). In the present case the plaintiff seeks to take his own testimony to perpetuate the same for trial. Although he need not establish special circumstances as required by the last sentence of section 288 with reference to examinations of persons not parties, the plaintiff asserts a heart condition which may cause his demise before this case is reached for trial.
The defendant’s objection on the merits is that he disputes the plaintiff’s physical condition and that special circumstances are not shown. He argues that the plaintiff has been denied a preference under rule 151 of the Buies of Civil Practice and that the plaintiff was not diligent in prosecuting the action until recently. He also objects that by filing a note of issue and statement of readiness, the plaintiff has waived his right to examination.
As already observed, the existence of special circumstances are not a necessary condition to an examination of a party. It has long been the rule that a party otherwise within the scope of the provisions relating to examinations is permitted to perpetuate his own testimony by examination before trial without showing special circumstances (Farmers’ Loan & Trust Co. v. Siefke, 144 N. Y. 354, 360, 361; Trotter v. Brevoort, 29 Misc. 662) . That the plaintiff herein has unnecessarily urged his illness in this context does not require that the court adjudicate the extent of his physical impairment. In Trotter (supra, p. 663) the court tersely pointed out that “ The order to examine a party before trial cannot be vacated because the affidavit on which it was granted shows more than is necessary.”
Neither is mere lapse of time, without more, between the commencement of the action and this application a bar to the granting of the motion. Apart from asserting that time has passed, the defendant has made no demonstration whatsoever as to how he is prejudiced, if the plaintiff’s examination is held now, by the fact that the same examination was not held sooner. (Cf. Wennerholm v. Thiberg, 206 Misc. 755, 756.)
It appears that when the plaintiff filed his statement of readiness and note of issue he moved for a rule 151 preference (ultimately denied) and to accelerate the objective of his motion he waived examination. The reasoning that dictated this procedure is understandable. By losing his application for an early trial at which plaintiff could testify in person, plaintiff did not intend to forfeit his right to have his testimony preserved for the trial which he may not survive to attend in person. Subdivisions (b) and (c) of section (9) of the Statement of Beadi *558 ness Rule of the Appellate Division Second Department Rules vest in this court discretion to grant relief such as is now sought. The court is persuaded that the nature of the case is such that in the interests of justice it is desirable that the plaintiff be examined before trial (cf. Amkraut v. Roanoke Garment Co., 5 A D 2d 863). The motion is, therefore, granted.