EMMA DEVOE, Plaintiff, *v.* KING KULLEN GROCERY CO., INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, July 6, 1962.

*George E. Mulry* for plaintiff. *Irving Segal* for Sheila Homes, Inc., defendant. *Bernard Helfenstein* for King Kullen Grocery Co., Inc., defendant.

PAUL J. WIDLITZ, J. By this motion, the plaintiff seeks to take her own testimony before trial seeking to perpetuate the same because of her sickness and infirmity A note of issue and statement of readiness was filed in this case for the May 1962 Term, and this instrument indicates that the parties have either completed or waived all preliminary pretrial proceedings.

The defendants contend the filing of the statement of readiness constitutes a waiver by the plaintiff of further pretrial proceedings. They also oppose the application on the basis that the plaintiff's physical impairment is not adequately demonstrated; that the plaintiff has not been diligent in the prosecution of the action; that the merits of her action are not sufficiently disclosed,

and that there is a pending motion for a further bill of particulars.

Section 288 of the Civil Practice Act provides that "Any party to an action * * * may cause to be taken by deposition, before trial, *his own testimony* or that of any other party which is material and necessary in the prosecution or defense of the action." (Emphasis supplied.) This section and its predecessor have been construed to permit a party, as distinguished from a witness, to perpetuate his own testimony by examination without the necessity of showing special circumstances (*Farmers' Loan & Trust Co.* v. *Siefke*, 144 N. Y. 354, 361; *Hebron* v. *Work*, 101 App. Div. 463, 466; *Kall* v. *Karelas*, 30 Misc 2d 556).

The mere lapse of time between the commencement of the action and the application has likewise been held no bar to the granting of the motion in the absence of prejudice (*Israelson* v. *Gersing*, 234 App. Div. 706; *Schwartz* v. *Taylor & Co.*, 225 App. Div. 899), or waiver under the Statement of Readiness Rule (*Gottlieb* v. *Kempner*, 14 A D 2d 909; *Morrison* v. *Sam Snead Schools of Golf of N. Y.*, 13 A D 2d 986; *Price* v. *Brody*, 7 A D 2d 204).

In this case, although a statement of readiness was filed with the note of issue, it was not necessary to do so under article IV of the Special Revised Rules of the Appellate Division for this Department which became effective March 1, 1962. Under the revised rules, an examination may be conducted on notice served within 60 days after a note of issue is filed (Special Readiness Rule, 2d Dept., art. IV, par. 8). The court is not inclined to hold that by also filing a statement of readiness, the plaintiff intentionally waived her rights to an examination. The revised rules are comparatively new, and their provisions not too well-known. In addition, it is common knowledge that the widely utilized Blumberg printed form, in use prior to the effective date of the new rules, contained a note of issue on one side and a statement of readiness on the reverse side with the admonition that both sides must be completed. Under the circumstances, the court does not find that this motion is barred by the filed statement of readiness nor does it agree that the merits of the action have not been sufficiently demonstrated. In any event, there is a prima facie disclosure that the plaintiff's infirmity is serious, and, since she apparently is the only witness to the occurrence, this motion should be granted (cf. *Herlihy* v. *Costa*, 5 Misc 2d 192).

The examination, in the absence of special circumstances, should await the service of particulars (*Zecchini* v. *Mayer*, 195

App. Div. 423; *Fabrics Corp. of America* v. *Wile & Co.*, 22 Misc 2d 49). The motion is granted accordingly, and the examination is directed to proceed at Special Term, Part II of this court on a date 10 days after the rendition of the decision on the pending motion for further particulars, or 10 days after service of a further bill, if so directed.