William T. Cowin, J.
Plaintiff seeks to perpetuate her own testimony. She has served a notice to take her own deposition which defendant here moves to vacate. Plaintiff cross-moves for leave to take such deposition, claiming that she is 72 years of age, was very seriously injured in the accident which is the basis of this action, and that she wants to protect her rights in the event she does not survive the trial.
Admittedly, section 288 of the Civil Practice Act made specific provisions for the perpetuation of testimony, to wit: ‘ ‘ Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. ’ ’
Defendant contends that subdivision (a) of section 3101 of the Civil Practice Law and Rules, effective September 1, 1963, does not by words or intent permit the perpetuation of testimony allowed under section 288 of the Civil Practice Act.
The court is not in accord with this contention. It was not the purpose of the draftsmen of the Civil Practice Law and Rules to make less liberal the procedures formerly followed under section 288 of the Civil Practice Act. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 31-7.) In fact, a more liberal interpretation of the law was intended, as is evidenced by section 104 of the Civil Practice Law and Rules: ‘ ‘ The Civil Practice Law and Rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding. ’ ’
In light of the liberal construction to be applied to the Civil Practice Law and Rules, this court is of the opinion that section 3101 thereof, which states there shall be ‘1 full disclosure of all evidence material and necessary #**by***a party ”, permits said party to take his own testimony for the purpose of perpetuation. (Cf. Weinstein-Korn-Miller, supra, p. 31-36.)
Additionally, rule 3107 of the Civil Practice Law and Rules provides: “ A party desiring to take the deposition of any person upon oral examination shall give to each party ten days’ notice”. This provision may be interpreted as “ [a] party desiring to take the deposition of himself or any other person ”. (Carmody-Forkosch, N. Y. Prac. [8th ed.], p. 561.)
Defendant further argues that even if it be held that section 3101 of the Civil Practice Law and Rules provides for the per *960 petuation of a party’s testimony, plaintiff has not demonstrated any special circumstances as would entitle her to such procedure.
It has been held that special circumstances need not be shown to permit a party to perpetuate his testimony. In Kall v. Karelas (30 Misc 2d 556, 557), the court stated: “ As already observed, the existence of special circumstances are not a necessary condition to an examination of a party. It has long been the rule that a party otherwise within the scope of the provisions relating to examinations is permitted to perpetuate his own testimony by examination before trial without showing special circumstances (Farmers’ Loan & Trust Co. v. Siefke, 144 N. Y. 354, 360, 361; Trotter v. Brevoort, 29 Misc. 662).” To a like effect is Devoe v. King Kullen Grocery Co. (35 Misc 2d 1026).
In view of the foregoing, the motion to vacate plaintiff’s notice to take her own testimony is denied. The cross motion is denied as academic.