Lawrence H. Cooke, J.
Plaintiffs having served a notice to take the testimony of plaintiff Helen Shaw upon oral examination, defendant moves for a protective order vacating the notice on the ground that such disclosure is improper since a note of issue was served over one year prior thereto. In opposition plaintiffs have submitted proof indicating that Helen Shaw, now 82 years of age, suffered a heart attack on or about July 7, 1968, that she is now confined to a hospital, that her condition is serious and that her prognosis is guarded.
While it has been made clear that the statement of readiness rule will not be departed from in the absence of a showing of special, unusual or extraordinary circumstances warranting the exercise of the court’s discretion (Jacobs v. Peress, 23 A D 2d 483), upon a showing of unusual and unanticipated conditions, which the courts have been reluctant to find, a party may be permitted to use disclosure devices even after a statement of readiness has been filed (Shea v. Pellicano, 29 A D 2d 840; Pioneer Jewelry Corp. v. All Continent Corp., 24 A D 2d 436; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3402.12). An unusual and unanticipated situation has been shown here.
Although the Civil Practice Law and Rules do not explicitly provide for the taking by a party of his own testimony, in the light of the liberal construction to be accorded to it, such a deposition may be taken where, as here, there is reason to anticipate that the party will be unable to be present at the trial to testify (CPLR 104; 3101, subd. [a], par. [1]; 3106, subd. [a]; 3107; Lapensky v. Gordon, 41 Misc 2d 958; Cohen v. H. C. & H. *462 Associates, N. Y. L. J., March 9, 1967, p. 18, col. 4; Devoe v. King Kullen Grocery, 35 Misc 2d 1026; Kall v. Karelas, 30 Misc 2d 556; 7 Carmody-Wait 2d, New York Practice, § 42:79; Carmody-Forkosch, New York Practice [8th ed.], p. 561, n. 28; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.01, 3101.22; 38 St. John’s Law Review, pp. 433-435).
Motion denied.